**Romeo USSI, Plaintiff,**

v.

**Marion B. FOLSOM, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 6305.**

United States District Court
N. D. New York.

July 16, 1957.

**680**

H. Andrew Schlusberg, Gloversville, N. Y., for plaintiff.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., for defendant, Charles J. Miller, Asst. U. S. Atty., Syracuse, N. Y., of counsel.

FOLEY, District Judge.

■ The defendant Secretary moves for summary judgment. The complaint of the plaintiff seeks declaratory judgment much more extensive than justified by law, but it shall be treated as the usual claim for review pursuant to the limited provisions of Section 205(g) of the Social Security Act (42 U.S.C.A. § 405(g)). The motion in the customary form is based upon the pleadings and a certified copy of the transcript of the administrative record upon which a referee of the Office of Appeals Council of the Agency based his decision, dated June 29, 1956, adverse to the position taken by the plaintiff. On September 6, 1956, the Appeals Council denied the request of the plaintiff for review of such referee's decision.

■ The plaintiff at the administrative level sought to establish a period of disability pursuant to the provisions of Section 216(i) of the Act, 42 U.S.C.A. § 416(i). I have read the record and feel that the government must prevail. The hearing before the referee was fair, the plaintiff was treated with courtesy and respect, as he should be, full explanation was carefully given him as to his rights, and there was no semblance of overreaching on the part of the referee.

■ The evidence is clearly sufficient to support the conclusion of the referee that the plaintiff did not establish satisfactorily the type of total disability intended by the Act, not only shown by its own terms, but also by the legislative history. S.R. No. 1987, pages 20–21; H.R. No. 1698, page 23, 83rd Congress, 2nd Session, U. S. Code Congressional and Administrative News 1954, p. 3710. The referee made logical and allowable application of the law in this respect to the evidence before him, particularly the many references to the injury of the plaintiff as causing only permanent partial disability. It is cold to say, but the physical impairment of the plaintiff, particularly in respect to his earning power, does not measure up to the stringent standards of the Act. It must be remembered that in these situations the judgment of the administrative body should not be disturbed if its judgment was based upon conclusions reasonably reached upon due consideration of all relevant issues presented after parties in interest had been given a fair hearing, or a fair opportunity to be heard upon the facts and applicable law. Gray v. Powell, 314 U.S. 402, 62 S.Ct. 326, 86 L.Ed. 301; Walker v. Altmeyer, 2 Cir., 137 F.2d 531, 533–534; Holland v. Alt-

meyer, D. C., 60 F.Supp. 954, 957; Hemmerle v. Hobby, D.C., 114 F.Supp. 16.

The motion by the defendant for summary judgment is granted and the Clerk shall enter judgment affirming the decision of the defendant Secretary, namely, the decision made by the referee on June 29, 1956, and also dismissing the complaint.

It is so ordered.