**Romeo USSI, Plaintiff-Appellant,**

v.

**Marion B. FOLSOM, Secretary of Health, Education and Welfare.**

No. 264, Docket 24834.

United States Court of Appeals Second Circuit.

Argued April 10, 1958.

Decided May 8, 1958.

H. Andrew Schlusberg, Gloversville, N. Y., for appellant.

George Cochran Doub, Asst. Atty. Gen., Theodore F. Bowes, U. S. Atty., Syacuse, N. Y., Morton Hollander, Herbert E. Morris, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before SWAN, HINCKS and MOORE, Circuit Judges.

PER CURIAM.

■ This is an appeal from a summary judgment for defendant in an action brought under 42 U.S.C.A. § 405 (g) to review a decision of the Social Security Administration which denied Ussi's application of January 19, 1955 to establish a period of disability pursuant to 42 U.S.C.A. § 416(i) based on an injury sustained by him in 1943. The application was heard by a referee of the Social Security Administration, and the referee's adverse decision was carried to the Appeals Council which denied review. The present action was then brought. Judge Foley held that the evidence was clearly sufficient to support the decision of the referee.

The appellant's attack upon this conclusion cannot be sustained. Section 405 (g) provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * * " As to the first ground of appeal we affirm on the opinion below, Ussi v. Folsom, 157 F.Supp. 679.

■ The appellant also asserts irregularities in the administrative procedure. He complains that he was not informed of his right to be represented by counsel at the hearing before the referee. The regulations provide that an applicant may be represented by an attorney or other qualified representative approved by the Social Security Administration. 20 C.F.R. 403.713 (1949); C.F.R. 404.901 (1957 Supp.). We find no requirement that this privilege be brought to the applicant's attention. In the notice of the hearing appellant was informed that he might call at the Field Office of the Administration nearest his home for information and advice with respect to matters to be considered at the hearing. At no time before or during the hearing did he inquire about or request representation by counsel. Nor does he show that his case before the referee suffered in any respect from the absence of counsel.

■■ On his request for review by the Appeals Council, the appellant presented additional evidence consisting of 12 exhibits of medical reports.[1] These exhibits were received and made part of the record on September 6, 1956, and on the same date review of the referee's decision was denied. The appellant now

1. Before the Appeals Council he was apparently represented by counsel.

contends that the denial was made without considering this additional evidence. There is no basis for this contention. The exhibits were short and could be read in 10 or 15 minutes. It might well be that the Appeals Council considered the documents before they were officially stamped and made part of the record. In any event, we must indulge the well-recognized presumption of regularity in official action and assume that the officials considered the exhibits and denied review because they were not such as to change the result, as indeed they were not in our opinion.

Judgment affirmed.