**Leonard P. STUCKEY, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Social Security Administration, Defendant.**

Civ. No. 9140.

United States District Court
D. Oregon.

June 29, 1959.

Peterson, Pozzi & Lent, Nels Peterson, Portland, Or., for plaintiff.

C. E. Luckey, U. S. Atty., Robert C. Snashall, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

This action comes before the Court under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g) to review the "final decision" of the defendant secretary. Plaintiff herein has sought to establish a "period of disability" under § 216(i) of the Social Security Act, 42 U.S.C.A. § 416(i). The Bureau of Old-Age and Survivors Insurance of the Social Security Administration denied plaintiff's request to establish a period of disability under the Act. The plaintiff was then granted a hearing before a referee of the Social Security Administration. As a result of this hearing, the presiding referee denied plaintiff a "period of disability" under the Act. Subsequently, the Appeals Council for the Administration denied plaintiff's request for review of the referee's decision. Plaintiff then commenced this action in this Court. Fol-

lowing further surgery and medical treatment of plaintiff, and upon defendant's motion, this Court saw fit to remand the cause for further administrative action. Upon remand, the Appeals Council vacated its "Denial of Request for Review."

A supplemental hearing was held before the referee, at which time additional evidence was received on plaintiff's behalf. The Appeals Council then rendered a decision, dated January 19, 1959, in which the Council affirmed the referee's decision, holding that the plaintiff had not established under § 216(i) of the Act a period of disability so as to entitle plaintiff to the so-called "disability freeze."

The extensive review of the administrative proceedings taken show that the plaintiff had ample opportunity to be heard fully. This Court now has before it a complete record of all proceedings involving plaintiff, and all exhibits submitted in these proceedings. The matter now comes to the Court upon the defendant's motion for summary judgment. The plaintiff has renewed his objection to the introduction into the record of certain exhibits. For the purposes of the proceedings before this Court, even granting the plaintiff's objections, this Court must allow the defendant's motion for summary judgment.

This Court cannot say that the Appeals Council erred in denying the plaintiff's requests for "disability freeze" under the Act. It would serve no purpose for this Court to extensively review the evidence. From the Court's study, the decision of the Appeals Council, dated January 19, 1959, adequately and correctly stated plaintiff's condition and is supported by substantial evidence and applies the correct principles of the Social Security Act thereto. As to the plaintiff's contention that the grant by the Oregon State Industrial Accident Commission of temporary total disability to April 25, 1956, and 45% permanent partial disability payable until February, 1958, should be persuasive, if not controlling, in this cause. This Court relies upon the case of N. L. R. B. v. Pacific Intermountain Express Co., 8 Cir., 1955, 228 F.2d 170, 176, wherein that Court held:

"Each fact-finding agency is entitled to make its own decision upon the evidence before it and the fact that another tribunal has reached a different conclusion upon the same issue * * * does not invalidate any decision which has proper evidentiary support."

This Court therefore concludes that it has no alternative but to grant the defendant's motion for summary judgment.

Therefore, It Is Considered, Adjudged and Ordered that judgment be and the same is hereby entered in favor of defendant and against the plaintiff, and plaintiff's complaint and cause is hereby dismissed, all without prejudice.