**Harold R. BAILEY, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare of the United States, Defendant.**

**Civ. No. 26–59.**

United States District Court
D. Oregon.

Oct. 7, 1959.

C. S. Emmons, Willis, Kyle & Emmons, Albany, Or., for plaintiff.

C. E. Luckey, U. S. Atty., and Robert C. Snashall, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

The plaintiff in this case, being aggrieved at a ruling made in connection with his claim of disability under Social Security Act, § 216(i), 42 U.S.C.A. § 416(i), sought and was refused a hearing by the Appeals Council, and as a result asked this Court to review the defendant Secretary's decision pursuant to said Act, being § 405(g) of Title 42 U.S.C.A.

Upon the pleadings, the defendant has moved for a summary judgment pursuant to F.R.Civ.Proc. Rule 56(b) and (c), 28 U.S.C.A.

The only question before the Court is to determine whether the facts found by the Secretary are based on "substantial evidence." Ussi v. Folsom, 2 Cir., 1958, 254 F.2d 842.

" * * * Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. * * *." Consolidated Edison Co. of New York v. N. L. R. B., 1938, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126.

And in the present case, from the record submitted, the plaintiff was accorded a fair hearing with opportunity to introduce what evidence he cared to. In the Referee's decision all the evidence was weighed and, though reasonable minds may have disagreed, still it cannot be said as a matter of law that there was not "substantial evidence" upon which to base the findings of fact, especially when coupled with the factor that the plaintiff had the burden of proof to convince the trier of fact, as provided by Social Security Act, § 216(i) (1), 42 U.S.C.A. § 416(i) (1). Ussie v. Folsom, supra.

Now, Therefore, the Court being advised in the premises, It Is Hereby Con-

sidered, Adjudged and Ordered that the motion for summary judgment by the defendant be and the same is hereby allowed, and judgment on the merits is hereby entered against the plaintiff.