**Jonathan HEAD, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 9101.**

United States District Court
D. Oregon.
May 20, 1960.

DeArmond, Goodrich, Gray & Hickok, Richard H. M. Hickok, Bend, Or., for plaintiff.

Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

The plaintiff herein was born in 1897, educated through the fourth grade in elementary school; and his working life has been spent in occupations which would be classed as heavy manual labor.

It appears that plaintiff broke his back sometime in 1942, but that the break healed and plaintiff resumed the same type of manual labor he had previously engaged in. In 1952 plaintiff was again injured and hospitalized for over a week, and again in 1953, when he slipped on ice. Plaintiff contended that his back was giving him difficulty and he found it necessary to change the type of work that he was doing, so he started working as a nightwatchman. He then testified that this type of work began to bother his back and he found it necessary, in May of 1954, to stop working.

Plaintiff then took appropriate steps to establish a period of disability pursuant to § 216(i) of the Social Security Act, as amended in 1954 (hereinafter referred to as the "Act"), 42 U.S.C.A. § 416(i). This was denied in all of the steps of the administrative procedure and was subsequently brought to this Court on appeal. Section 205(g) of the Act, 42 U.S.C.A., § 405(g). At the request of the Secretary, the cause was returned to the Appeals Council for further evidence to be taken. The application was denied by the Appeals Council, and it is here presented to this Court for review of the administrative determination. Both parties have asked for a summary judgment as provided in Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Section 205(g) of the Act, supra, provides that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *," and this Court is restricted in its review of this motion to the records

of the hearings before the administrative bodies and the evidence produced therein. Ussi v. Folsom, D.C.N.Y.1957, 157 F. Supp. 679, affirmed 2 Cir., 1958, 254 F. 2d 842.

"Under section 216(i) (1) of the Act, as amended in 1954, the term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or be of long continued and indefinite duration." (Tr. 7)

and

"In ascertaining 'disability' two essentials are required: '(1) a determination of the extent of the physical or mental impairment and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity.'" Sobel v. Flemming, D.C. Pa.1959, 178 F.Supp. 891, 893, citing Klimaszewski v. Flemming, D.C. Pa.1959, 176 F.Supp. 927.

In his dealings with these two essentials, the defendant Secretary pronounces:

"The referee's statement as to the evidentiary facts is herewith incorporated by reference and the Appeals Council adopts all of the inferences, findings, and conclusions of the referee based upon the evidentiary facts." (Tr. 1–A.)

Turning to the Referee's decision to determine what the issue before him was, the Referee states:

"The issue before the referee is whether the claimant is entitled to a period of disability under section 216(i) of the Social Security Act, as amended. This depends upon whether he has been unable to engage in any substantial gainful activity by reason of a medically determinable physical impairment." (Ref. Decision, p. 1.)

As a basis for his conclusion in the negative upon this issue, the Referee found:

"While the medical evidence shows that the claimant sustained a back injury resulting in strain of his back, and that there is some osteoarthritis, the record will not support a finding that the impairment of claimant's back has been of sufficient severity to render him unable to engage in any substantial gainful work for which he may be fitted by his residual physical capacities, education and experience. * * * The record is devoid of medical evidence which would permit an evaluation of the severity of the claimant's back condition. While it would appear that he has pain in his low back, no pathological findings are shown, nor are there any analyses of the range of motion or pertinent x-ray findings. As for the diagnosis of osteoarthritis, there is no showing that more joints than claimant's back are involved, and, again, there is no objective evidence as to any loss of function." (Ref. decision, p. 3.)

The only determination before the Court on this review proceedings is to determine whether the Secretary's findings as to either one or both of the material essential elements of claim are based upon substantial evidence.

"Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. of New York v. N. L. R. B., 1928, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126.

■ Concededly, the determination of the extent of disability must be made in light of the educational and vocational background of the claimant. Dunn v. Folsom, D.C.Ark.1958, 166 F.Supp. 44; Klimaszewski v. Flemming, supra.

■ The determination must be made in the light of the industrial complex in which the claimant is found, and the reasoning of Sobel v. Flemming, supra, is persuasive, Judge Lord stating:

"The ability of a claimant to engage in 'any substantial gainful ac-

tivity' is not to be predicated upon an ability to do 'any' activity. A person need not be 'bedridden,' or at 'death's door' to meet the requirements of the Act. Aaron v. Flemming, D.C.M.D.Ala.1958, 168 F. Supp. 291, 295. The capabilities of the individual must be viewed in context with his own physical, educational and vocational background. Further, the ability of the individual * * * in relationship with the industrial complex in which he lives must also be considered."

The Referee, as the Secretary's representative, is the trier of fact, and in the record there is conflicting testimony by medical experts as to disability and the extent to which it prevents plaintiff from engaging in gainful activity. (Tr. 1–B, 46, 48, 51, 52, 56, 57, 58, 59, 60, 61.) The medical testimony is opinion testimony and it is for the trier of fact to determine which to base his conclusions upon.

The plaintiff had the burden of proof to convince the trier of fact and was granted a fair hearing, with the opportunity to introduce what evidence he wanted. It appears that the claimant failed to meet his burden of proof. From the record it appears that the Referee considered all of the evidence before him, as did the Appeals Council with the additional evidence taken. Although reasonable minds may disagree, it does appear that there was substantial evidence upon which to base the findings of the Secretary. Section 216(i)(1) of the Act, 42 U.S.C.A. § 416(i)(1); Ussi v. Folsom, supra; Thurston v. Hobby, D.C.Mo.1955, 133 F.Supp. 205.

It is provided:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Sec. 205(g) of the Act, 42 U.S.C.A. § 402(g).

Therefore, the motion for a summary judgment by the plaintiff should be denied and the motion for a summary judgment on the part of defendant, by way of an affirmal of his order, should be allowed.

Counsel for defendant is requested to submit appropriate judgment order.