**Enar JOHNSON, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare of the United States, Defendant.**

**Civ. No. 422–59.**

United States District Court
D. Oregon.

May 24, 1960.

Willis, Kyle & Emmons, C. S. Emmons, Albany, Or., for plaintiff.

Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

Plaintiff, a logger residing in Lincoln County, Oregon, sustained injuries which required an abdominal operation, produced ulcer symptoms and prevented the plaintiff from engaging in his occupation for a time. After he had been declared fit enough by his physician, he returned to work and again was injured, suffering a shoulder dislocation which necessitated a period away from work. Plaintiff attempted to return to the heavy work he had previously done, and did so work for two days during 1958, after which, he testified, his back and stomach began bothering him to such an extent that he felt he would not be able to engage in such work again and was permanently disabled. He was declared permanently and totally disabled by the Oregon State Industrial Accident Commission by order dated February 27, 1959. (Tr. 95–96.)

After the requisite amount of time, he applied for disability benefits pursuant to § 216(i) and § 223(a) of the Social Security Act (hereinafter referred to as the "Act"), 42 U.S.C.A. § 416(i) and § 423 (a), respectively. The administrative determination was adverse to the plaintiff, a hearing was had before a referee, and it was determined that the plaintiff was not disabled to the extent required by the Act in order to receive benefits thereunder, and his application was further refused. After the Appeals Council denied a review, the case was brought to this Court in accordance with § 205(g) of the Act, 42 U.S.C.A. § 405(g). The defendant has moved for a summary judgment in accordance with Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Section 205(g) of the Act, 42 U.S.C.A. § 405(g), provides:

"* * * The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Secretary or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Secretary, because of failure of the claimant or such individual to submit proof in conformity with any regulations prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations. * * *"

This leaves this Court with only the problem of determining whether or not the findings and conclusions of the referee were based upon "substantial evidence."

■ Substantial evidence is more than a scintilla, it is such evidence as a reasonable mind would accept as adequate in support of a conclusion. Consolidated Edison Co. of New York v. N. L. R. B., 1938, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126.

■ But in light of the above, the burden is upon the plaintiff to prove that he is entitled to the benefits of the Act. Norment v. Hobby, D.C.Ala.1953, 124 F.Supp. 489; Thurston v. Hobby, D.C. Mo.1955, 133 F.Supp. 205; Ussi v. Folsom, D.C.N.Y.1957, 157 F.Supp. 679, affirmed 2 Cir., 1958, 254 F.2d 842.

The referee's findings, adopted by the defendant Secretary, are, *inter alia:*

"It is shown that as a result of trauma in October 1957 the claimant sustained internal injuries for which he underwent surgery. Since then he has had some continuing gastrointestinal complaints, al-

450

though nowhere does it appear that such complaints have been severe. He has been under an ulcer regime, although it is not definitely established by medical evidence of record, particularly x-ray examination, that the claimant has a peptic ulcer. However, assuming that he does have, it is not established that the condition is severe or that gastrointestinal symptoms have imposed any serious limitation on his working capacity. * * * As to the left shoulder, which the claimant injured in February 1958, it is established that there is some residual limitation of motion and the extremes of certain motions produce pain. However, the latest medical evidence of record (Exhibit 16) would indicate only slight to moderate limitations of the left shoulder joint in various directions. Although the claimant alleged at the hearing that he has a loss of sensation in the left arm, this is not established by any medical evidence of record. * * *

"The most important complaint is with reference to the low back, and as to this the claimant alleges constant and severe pain. A diagnosis of rheumatoid spondylitis has been made by the claimant's personal physician, but there are no clinical findings to substantiate this. The latest report received from the personal physician, Exhibit 17, is to the effect that physical examination in October 1958 revealed 'moderate limitation of the spine'. The examiner for the Commission found in February 1959 that backward bending was limited about 50 per cent and painful, that lateral bending was quite restricted but did not cause very much pain, and that on forward bending the claimant could reach a little below the knees. The clinical findings regarding the low back and hips have not been wholly consistent. * * * While the exact nature of the impairment of the low back and/or hips is not made clear by the evidence of record, it is

not established that the physical limitations imposed on the claimant by this condition, whatever it may be, either alone or in combination with his other symptoms and complaints, have continuously prevented him from regularly engaging in all types of work which would have proved substantially gainful to him, * * *".

It appears from the record that the evidence before the referee was conflicting as to the extent of plaintiff's physical impairment and disability. Tr. 69, 70, 75–76, 81–82, 83–84, 88, 90, 93, 94, 97. It is the obligation of the trier of fact to determine which part of the testimony and evidence weighs most heavily and to accept or reject in determining the extent of disability.

The transcript mirrors that the plaintiff had a full and fair hearing and opportunity to adduce his evidence before the referee. There is ample substantial evidence to support the findings and conclusions of the referee, which are logical and reasonable when viewed in the light of the applicable sections and authority announced. Section 261(i) (1) of the Act, 42 U.S.C.A. § 416(i) (1); § 223(c) (2), 42 U.S.C.A. § 423(c) (2); Ussi v. Folsom, supra; Dunn v. Folsom, D.C.Ark.1958, 166 F.Supp. 44; Klimaszewski v. Flemming, D.C.Pa.1959, 176 F. Supp. 927; Sobel v. Flemming, D.C.Pa. 1959, 178 F.Supp. 891, 895. It is manifest that the plaintiff failed to meet his burden of the proof.

The determination of total disability by a state agency is not binding upon the Secretary, as it is made upon the basis of state statutes and not by the requirements as set up by the Act. Stuckey v. Flemming, D.C.Or.1959, 188 F.Supp. 1; Thurner v. Flemming, D.C. Or.1959, 188 F.Supp. 307, citing N. L. R. B. v. Pacific Intermountain Express Co., 8 Cir., 228 F.2d 170, 176.

The defendant Secretary's conclusions and order should be affirmed, and his motion for summary judgment allowed. Counsel for defendant Secretary is requested to submit appropriate order.