Samuel Ray KAPLAN, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.

Civ. 20290.

United States District Court
E. D. New York.

Jan. 13, 1961.

H. Elliot Wales, New York City, for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for defendant, Ann B. Miele, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

BARTELS, District Judge.

In this action for review of a final decision of the Social Security Administration [1], both parties move for summary judgment pursuant to Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A. There is no issue of fact in this action, merely an issue of law.

On October 16, 1959 the Social Security Administration rendered a final decision upon a claim for Old Age Insurance benefits filed by plaintiff which held that he had received certain payments at a time when he was not entitled to them and that as a result his present payments are to be reduced by the amount he improperly received. Plaintiff challenges this decision.

Plaintiff, who was born December 4, 1890, applied for Old Age benefits on June 28, 1956, based upon wages received from a private employer prior to 1951 and upon wages earned as a private tutor during the years 1954 and 1955. His application was granted and he was awarded Old Age benefits in the amount of $30 a month. At the time of his initial application in 1956 plaintiff was employed by the New York City Board of Education and had been since 1919, but such employment was not covered by the

1. Pursuant to 42 U.S.C.A. § 405(g).

Social Security Act [2] in 1956. Subsequently, on December 30, 1957 an agreement was executed by the State of New York and the Secretary of Health, Education, and Welfare [3] which extended coverage to teachers employed by the Board of Education, such coverage being retroactive to March 16, 1956 and being applicable to plaintiff from such date. Plaintiff filed an application for recomputation of his past and future benefits on February 3, 1958 on the ground that his earnings from the Board of Education since March 16, 1956 had been "wages" within the meaning of the Act, entitling plaintiff to greater monthly benefits. In his annual report of earnings for 1957 filed the same day he disclosed that for the year 1957 he had received sick pay for the period beginning February 1 and ending June 30, and in the recomputation application he stated that he would receive sick pay for a similar period in 1958. At the time of this disclosure sick pay was not deemed "wages" under the Act.

Before a decision on the application was rendered the "Kean Amendment" [4] to the Act was passed which retroactively made "sick pay" for employees of State or political subdivisions thereof "wages" under the Act. Thereafter, on September 22, 1958 a decision on plaintiff's application was issued by the Bureau of Old Age and Survivor's Insurance which (i) increased plaintiff's benefits from $30 to $76.70 monthly, effective February, 1956, but (ii) ruled that since plaintiff had received wages during the months of February through June 1957, as well as for a like period during which he was on sick leave in the year 1958 (which wages exceeded the statutory maximum for earnings of individuals receiving Old Age benefits), payments made during those periods were improperly paid and the amount thereof would be deducted from plaintiff's future benefits until the sum had been recouped.[5] This determination was based upon the fact that the Kean Amendment was effective retroactively to January 1, 1951. Plaintiff appealed from this determination to the Appeals Council, asserting that the Amendment was unconstitutional and that the Bureau had been guilty of inordinate delay in processing his application until the passage of the Amendment. After a hearing on June 24, 1959, at which plaintiff was present, the Referee of the Council affirmed the decision, which affirmance became final on October 16, 1959, when the Appeals Council of the Department of Health, Education, and Welfare denied further review. Thereupon the instant action for review was commenced.

Originally plaintiff based his complaint and motion upon two objections, first, that the Kean Amendment should not apply to plaintiff's application and, second, if so, that the Kean Amendment is unconstitutional.

■ It is true that plaintiff has been subjected to the annoyance of a certain amount of delay in the consideration of his application, aggravated further by the failure of the Government's representatives to answer pertinent letters. This, however, offers no ground for plaintiff's claim. Plaintiff's review is limited to the record. Johnson v. Flemming, D.C.Or.1960, 188 F.Supp. 447, 449. There has been no evidence adduced as to an undue delay in the consideration of plaintiff's claim or that there has been any causal connection between such alleged delay and the denial of plaintiff's claim by the defendant. Assuming arguendo that there was such a nexus, no case has been found providing a remedy for the Government's failure to promptly process a claim made before one of its agencies or departments. Plaintiff's

2. 42 U.S.C.A. § 301 et seq.

3. In accordance with 42 U.S.C.A. § 418.

4. Pub.Laws 85–787, 72 Stat. 939 (August 27, 1958).

5. The Bureau modified its prior determination by increasing plaintiff's benefits to $108.50, effective as of January 1, 1958, on October 28, 1958, and affirmed its ruling as to recoupment by letter dated January 26, 1959.

complaint is apparently based upon the theory that he had a vested right under the Act to receive past benefits by excluding "sick pay" from the definition of "wages" for the purpose of deductions but under the Amendment had a right to receive entitlement benefits by including "sick pay" in the definition of "wages". A beneficiary under the Act has no vested property right and his benefits may be divested by Congress. Flemming v. Nestor, 1960, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435; see also Stouper v. Jones, D.C.Cir.1960, 284 F.2d 240.

██ The Kean Amendment is not unconstitutional because of its retroactive effect, a fact which plaintiff now admits. In effect, the Amendment provides that with regard to employees of a state or political subdivision of a state "sick pay" must be included in the definition of "wages" in computing (a) deductions representing excess earnings to be applied against benefits to which a claimant would otherwise be entitled, and (b) the amount of increased benefits which a claimant is thereafter entitled to receive. Plaintiff has no objection to the inclusion by defendant of "sick pay" in the definition of "wages" for the purpose of computing increased benefits, but he does object to this inclusion in determining the amount of deductions applicable against his past earnings—an obviously slanted approach. In taking this position plaintiff fails to realize that under the Act defendant has express authority to make deductions from future payments of amounts earned and paid to a claimant in excess of the statutory maximum.[6] Consequently, even if plaintiff's application had been processed the very day it was filed, the defendant would have had the right upon the subsequent passage of the Amendment to make deductions from plaintiff's future benefits of the excess statutory amounts received by him. The defendant's delay in processing his application, even if deliberate, has not deprived plaintiff of any rights or caused him any damage. The deter-mination of the Referee must therefore stand.

Defendant's motion for summary judgment granted. Settle order within ten (10) days on two (2) days' notice.

