Leonard S. NOREN and Harry C. Perry,
Plaintiffs,

v.

Walter E. BECK, as Manager of the United States Land Office at Sacramento, California, et al., Defendants.

Civ. No. 2139.

United States District Court
S. D. California, N. D.

Nov. 21, 1961.

Edson Abel, Middletown, Cal., for plaintiffs.

Francis C. Whelan, U. S. Atty., Melvin C. Blum, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

CROCKER, District Judge.

This is an action wherein plaintiffs seek, under the provisions of Title 5 United States Code Annotated § 1009(e) of the Administrative Procedure Act, a trial de novo concerning various administrative determinations made within the Bureau of Land Management, Department of the Interior, in connection with certain land entries filed by them.

The plaintiffs, among other things, allege in their complaint that the administrative action within the Department of the Interior was "arbitrary, capricious, discriminatory, unlawful, illegal, and a denial of rights accorded plaintiffs, in that the soil in the case of all * * * applications heretofore mentioned was and is of substantially the same type and character and in truth and in fact the land in each of the * * * applications for desert land entry heretofore mentioned was and is land, not timber or known mineral, which by appropriate

reclamation methods and with irrigation can be made to produce abundant agricultural crops of various kinds as shown by actual agricultural operations on land of substantially the same type and character in the immediate vicinity and in the same soil classification and by recognized agricultural tests."

This matter has progressed up to the point where the court set the matter for pretrial hearing pursuant to Local Rule 9 of Rules of Civil Procedure for the United States District Court for the Southern District of California, West's Ann.Code. At this time the defendants filed their motion for an order relieving them from complying with said Local Rule 9 and for an order submitting the case upon an agreed statement of facts, to wit, the administrative record, contending that the scope of judicial review by a district court is limited to a review of the administrative record, and not a trial de novo.

█ Title 5 United States Code Annotated, § 1009(e), defines the scope of judicial review, and after setting forth the grounds therefor, included in which are the grounds of arbitrariness, capriciousness, etc., states the following:

> "In making the foregoing determinations [i. e., whether the administrative action was, for example, arbitrary or capricious] the court *shall* review *the whole record* or such portions thereof as may be cited by any party, and due account shall be taken of the rule of prejudicial error." (Emphasis added.)

Construing this statute, and considering the applicable case law hereinafter cited, the conclusion is inescapable that the only admissible evidence which a district court could properly consider in a case such as this, is the record made during the administrative proceedings in the Department of the Interior, and the only question to be resolved is whether the decision of the Department of the Interior is supported by any evidence.

█ The section of the Administrative Procedure Act quoted above authorizes a review by the court, and inquiry as to the fairness of the hearing, and as to whether the order of the agency was supported by substantial evidence, but it does not authorize a trial de novo, which plaintiffs appear to be seeking in the present action.

In the case of Cameron v. United States, 252 U.S. 450, 40 S.Ct. 410, 414, 64 L.Ed. 659 (1920), the Supreme Court, in considering the action of the Land Department of the Department of the Interior, concerning certain lode mining locations, stated, on page 464, the following:

> "Its province is that of determining questions of fact and right under the public land laws, of recognizing or disapproving claims according to their merits, and of granting or refusing patents as the law may give sanction for the one or the other. * * *
>
> "Whether the tract covered by Cameron's location was mineral and whether there had been the requisite discovery were questions of fact, the decisions of which by the Secretary of the Interior was conclusive in the absence of fraud of imposition, and none was claimed."

In the case of Ickes v. Underwood, 141 F.2d 546, 549 (D.C.Cir.1944), the court, in considering the question of whether or not the departmental proceedings were arbitrary or capricious in connection with an application for a placer mining claim, held:

> "*The decision of the Secretary of the Interior, in the present case, turned upon his finding of fact* that the deposits of sand and gravel in question were neither presently nor prospectively valuable for mineral use, before or at the time of the appropriation of the land for public use. *His decision, and the finding upon which it is based, have abundant support in the record.* Moreover, the decision was clearly within the scope of his authority; and in the absence of fraud or imposition is

conclusive. There was no showing of fraud or imposition in the present case; and *the District Court was without authority to substitute its judgment for that of appellant.*" (Emphasis added.)

This decision was based upon the rationale of the court, wherein it stated, 141 F.2d on page 548, the following:

"*The Government may dispense its bounty on such terms as it sees fit;* and the executive agency which Congress has chosen for the purpose of giving away public lands and mineral deposits is peculiarly equipped, in terms of experience and administrative capacity, to act in its behalf. *When an executive agency acts in this capacity, there is, perhaps, less reason than in any other type of administrative action to subject its determinations to judicial review.*" (Emphasis added.)

■ In the development of the doctrine and rule of administrative finality, courts have uniformly held that it is the exclusive province and function of administrative agencies to draw legitimate inferences of fact and make findings and conclusions of fact, to appraise conflicting testimony or other evidence, to judge the credibility of witnesses and the evidence adduced by the parties, and to determine the weight of the evidence (see cases cited in Schaffer v. United States, 139 F.Supp. 444 (S.D.1956)). See also In the Matter of Adolfe Cartellone, 148 F.Supp. 676 (N.D.Ohio) 1957.

It therefore follows that the review by this court in this case is to determine from the record whether the exercise of discretion of the agency in rejecting plaintiffs' applications was arbitrary, capricious, discriminatory, unlawful, illegal, or a denial of their rights. The scope of judicial review in this respect does not provide for a trial de novo.

■ The plaintiffs' argument that the agency did not hold a formal hearing where witnesses could testify and be cross-examined is answered by the Desert Land Entries Act, 43 U.S.C.A. §

321 et seq., which does not require such a hearing (In this connection see Part 232.9(b) of Title 43, Code of Federal Regulations, which states, in substance, that the application for a Desert Land Entry will be considered as a petition for the classification of land under Section 7 of the provisions of the Taylor Grazing Act, 43 U.S.C.A. § 315f).

Counsel for the defendants herein, in accordance with assurances made to the Court on the date of the hearing of the motion for relief from compliance with Rule 9, will file with the Court the administrative record made concerning the action presently complained of. This is the scope of review to which the Court will limit itself.