Theodore A. NEEL, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare, Social Security Administration, Defendant.

Civ. No. 60-414.

United States District Court
D. Oregon.

March 5, 1962.

Donald N. Atchison, Pozzi, Levin & Wilson, Portland, Or., for plaintiff.

Sidney I. Lezak, Acting U. S. Atty., and Donal D. Sullivan, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

This is an action under § 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C.A. § 405(g), to review a "final decision" of the Secretary of Health, Education and Welfare. The "final decision" of the Secretary in this case consists of a decision rendered on June 1, 1960 by a hearing examiner in the Office of Hearings and Appeals, which decision became the final decision of the Secretary when the Appeals Council, on June 22, 1960, denied the plaintiff's request for review. The hearing examiner held that the plaintiff is not entitled to the establishment of a period of disability (under § 216(i) of the Act) or to disability insurance benefits (under § 223 of the Act). Defendant has moved for a summary judgment pursuant to F.R. Civ.P. 56(b), 28 U.S.C.

Plaintiff's application to establish a period of disability and for disability insurance benefits were filed on January 7, 1959, to establish a period of disability commencing on January 7, 1959, followed by a supplemental application on February 20, 1959, for a period of disability beginning in February of 1957. To be eligible for the establishment of a period of disability (a so-called "disability freeze") or for disability benefits, plaintiff must, at the time of his applications, have been under a continuous disability for at least six calendar months and still continuing indefinitely at the time of the filing of his applications. 42 U.S.C.A. §§ 416(i) and 423.

At the time of the hearing before the hearings examiner, plaintiff was 55 years of age, had a ninth grade education and had worked at a number of different

jobs involving both manual labor and supervisory positions. Plaintiff had had a spinal fusion on the lower back in 1950 after which he continued his principal work of plasterer. Plaintiff's prior application arose out of an accident where he fell backwards from a low platform and landed on his upper back and neck. In plaintiff's supplemental application, the injury complained of is a ruptured disk causing pain and pressure in the head and shoulder.

■ Plaintiff submitted numerous medical reports concerning the extent of his disability and also relied on a determination of disability by the State Industrial Accident Commission of the State of Oregon. As to the latter matter, it has already been well settled that a contemporaneous determination of disability by a state or other agency is not binding upon the Secretary, as he is the ultimate trier of fact and must himself weigh the factors involved in this agency's determination of disability. Thompson v. Flemming, 188 F.Supp. 123 (D.C. Ore.1960).

The medical reports submitted by the plaintiff, are with only one exception, generally of the opinion that the plaintiff is not disabled, and Dr. Selling's report indicated that the plaintiff seemed to consciously avoid doing his best in the tests of muscular ability. This would tend to substantiate the Referee's impression that the plaintiff was intentionally portraying a greater degree of pain and disability than was actually present.

■ The lone exception as to lack of permanent disability on the part of the plaintiff was Dr. Reubendale, who felt that plaintiff was "unemployable," but qualified it in that he did not feel that any employer would accept plaintiff as an industrial risk. This is not a statement that the plaintiff is disabled within the meaning of the Act, however.

■ Even if Dr. Reubendale's report was read to the plaintiff's complete satisfaction, this Court, under its limited scope of review, cannot say that there is no substantial evidence to support the

Referee's findings. The Referee could reasonably conclude that the doctor's reports as a whole failed to show the inability to carry on any substantial gainful employment within the meaning of the Act. Howell v. Flemming, 188 F.Supp. 223 (D.C.Ore.1960).

On the basis of the record before this Court, the findings of the Referee and the "final decision" of the Secretary must be affirmed. Therefore, defendant's motion for summary judgment of dismissal should be allowed.

Counsel for defendant is requested to submit appropriate judgment order.