Andrew **KAKOS**, Plaintiff,

v.

Abraham **RIBICOFF**, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. 36197.

United States District Court
N. D. Ohio, E. D.

Sept. 12, 1962.

Edward J. Kirk, Cleveland, Ohio, for plaintiff.

Russell E. Ake, U. S. Atty., Burt W. Griffin, George Morrison, Asst. U. S. Attys., Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

This is an action for judicial review of a "final decision" of the Secretary of Health, Education, and Welfare, denying plaintiff's claim for the establishment of a "period of disability" as defined in Section 216(i) of the Social Security Act, as amended 42 U.S.C.A. § 416(i) (2). This Court has jurisdiction pursuant to 42 U.S.C.A. § 405(g).

When a claimant is granted a "period of disability," the time covered by such period is excluded from his earnings record. The result is that the claimant's earnings or lack thereof during that period are not considered in determining his eligibility for social security benefits. This prevents the loss of his status as an

insured, or a lowering of his average monthly wage, upon which is based the amount of the monthly security benefit to which he may be entitled.

A claimant is entitled to recognition of a period of disability when he is under a "disability" for a "period of disability." Those terms are respectively defined in the Act as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * *." 42 U.S.C.A. § 416(i) (1), and "a continuous period of not less than six full calendar months * * *. No such period shall begin * * * unless such individual, while under a disability, files an application for a disability determination with respect to such period * * *." 42 U.S.C.A. § 416(i) (2).

Claimant's application was filed on April 13, 1957, and requested a determination of his disability from 1946 to 1957.

The application was initially denied, and upon reconsideration by the Bureau of Old-Age and Survivors Insurance it was again denied. At plaintiff's request, and after notice, a hearing at which plaintiff was present was held by the Office of Hearings and Appeals. The hearing examiner again denied the claim. Plaintiff's request for review of the hearing examiner's determination was denied by the Appeals Council, and thus the decision of the hearing examiner became the final decision of the Secretary of Health, Education, and Welfare. 42 U.S.C.A. § 405 (b).

The record shows that the claimant, at the time this action was instituted, was earning about two-thirds as much as he had earned in any of the years 1937 to 1944. (Pages 28 and 47 of the transcript.) Furthermore, in each of the years 1950 to 1955 he earned more than he had earned in any one of those years, 1937 to 1944. (Pages 26–29 and 47 of the transcript.)

 Claimant contends that these amounts were not pay, but rather char-

itable assistance from a friend. Clearly the hearing examiner did not agree. Upon the record presented in the transcript, the findings of the hearing examiner are supported by substantial evidence, and are thus conclusive upon this Court. 42 U.S.C.A. § 405(g).

It thus appears that the claimant was not unable to engage in "*any* substantial gainful activity," 42 U.S.C.A. § 416(i) (1) (emphasis added), either during the period for which he seeks the disability determination or at the time the application was filed. He thus has failed to meet the statutory requirements of 42 U. S.C.A. § 416(i) (1) and (2), and certainly was not totally disabled within the rule of Ussi v. Folsom, 157 F.Supp. 679 (N.D. N.Y.), aff'd. 254 F.2d 842 (2nd Cir., 1958).

Therefore, upon the pleadings and transcript of the record, the Court will enter judgment affirming the decision of the Secretary of Health, Education, and Welfare. 42 U.S.C.A. § 405(g).

It will be so ordered.