█ In the Matter of the Claim of JOHN L. ROEHSLER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— It seems clear that claimant was uncertain whether his respiratory condition, which greatly restricted his physical activities but not, necessarily, some self-employment in work upon promotional ideas and programs, was of such a nature as to disqualify him from unemployment insurance benefits (Labor Law, § 527, subd. 1, par. [a]; § 591, subd. 2) and whether, if it was, it was so serious as to entitle him to disability benefits from the Federal Social Security Administration (see U. S. Code, tit. 42, § 423). In this quandary, claimant made application to both agencies and it is undisputed that he did so without concealment or intent to defraud. Indeed, claimant requested the Social Security Administration to make available to the Industrial Commissioner the medical data compiled in his case, but this the Administration refused to do. In this case, claimant's application to the Social Security Administration might properly have been treated as evidence supportive of a factual determination of disability and consequent disqualification; but we are unable to determine whether the board gave the application that effect or whether the decision is to be construed as embodying the legally erroneous holding that the mere filing of the application established disability and consequent disqualification from unemployment insurance benefits as a matter of law (cf. *Matter of San Filippo* v. *San Filippo*, 17 A D 2d 1019, mot. for lv. to app. den. 12 N Y 2d 645; *Neel* v. *Ribicoff*, 204 F. Supp. 914; *Johnson* v. *Flemming*, 188 F. Supp. 447; *Thompson* v. *Flemming*, 188 F. Supp. 123). Remittal being necessary in any event, claimant should have a further opportunity to present medical evidence; particularly so because, in the course of a colloquy on that subject, he was not informed that the legal burden to do so was upon him. Decision reversed and case remitted, with costs to appellant. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.