**Lee Ella DANIELS and Tribal Indian Land Rights Association, Inc., Plaintiffs,**

v.

**UNITED STATES of America and Stewart Udall, Secretary of U. S. Department of the Interior, Defendants.**

Civ. No. 64-240.

United States District Court
W. D. Oklahoma.

Nov. 15, 1965.

Robert O. Swimmer, Oklahoma City, Okl., for plaintiffs.

David Kline, Asst. U. S. Atty., Oklahoma City, Okl., for defendants.

DAUGHERTY, District Judge.

In this case the plaintiff, Lee Ella Daniels, requests the Court to grant her an Indian allotment to a specific tract of land situated in the Panhandle of Oklahoma described as the South Half of the South Half of Section 11, Township 6 North, Range 1 East of the Cimarron Meridian, Oklahoma. This plaintiff's request for injunctive relief has been obviated by the defendants voluntarily withholding further action regarding a sale of said land until this controversy is closed. The plaintiff, Tribal Indian Land Rights Association, Inc., joins the plaintiff, Lee Ella Daniels, in her request and attempts to make this a class action. However, under the allegations of the complaint a class action is clearly not stated and notwithstanding an invitation from the Court nothing has been presented herein which amounts to a class action. Federal Rules of Civil Procedure, Rule 23, 28 U.S.C.A.; Walker v. Grand Lodge I.B.P. O. Elks of the World, et al., D.C., 147 F. Supp. 162; Smith v. Abbate, et al., D. C., 201 F.Supp. 105. Thus, the Court now decides only the request of the plaintiff Daniels in which the other plaintiff is deemed to have joined.

The defendants have filed a motion for summary judgment which is pending even though it appears, as hereinafter set out, that this litigation requires a judicial review of a Decision made by the Secretary of the Interior on the record on which such Decision was based.

From the issues thus joined between the parties the Court finds that the plaintiff, Lee Ella Daniels, has a certificate of eligibility to receive public lands under 25 United States Code, 334. Pursuant to such certificate said plaintiff applied for an allotment to the land described above. Said land had been previously withdrawn from entry or availability to plaintiff under her said application by Executive Order No. 6964, dated February 5, 1935, as amended, this being done pursuant to the provisions of the Taylor Grazing Act, 43 United States Code, Section 315. Upon application of the plaintiff, Lee Ella Daniels, to the Secretary of the Interior, said Secretary under the provisions of 43 United States Code, 315f, considered the opening of such land to entry but by his Decision, dated July 25, 1964, the Secretary refused to classify and open such land to entry as requested by the plaintiff Daniels.

The plaintiffs assert herein that the provisions set forth in Title 43, Code of Federal Regulations, Section 176.9 (renumbered 43 C.F.R. 2212.0–7(a)(3)) apply to and control this controversy.[1] It is apparently the position of plaintiffs that the above section prevents the Secretary of the Interior from denying an application by an Indian with a certificate of eligibility from perfecting an entry on *any* public lands of the United States, even though said lands are reserved from entry. This section by its own terms is only applicable to actual *settlement* on lands *not reserved.* All parties herein have stipulated in open court that the plaintiff, Daniels, has not made settlement on the land involved and it is undisputed that said land was reserved land of the United States by virtue of said Executive Order No. 6964 when the application of the plaintiff Daniels was filed with the Secretary of the Interior. The Court therefore finds said section urged by plaintiffs to be inapplicable herein and refuses to apply the same to this controversy.

The Court has heretofore determined herein by its Order of October 20, 1965, that the foregoing Decision of the Secretary of the Interior is subject to judicial review under the provisions of the Administrative Procedure Act, 5 United States Code, 1009. Further that such judicial review is not a trial de novo but

1. This section reads as follows:
  "Where an Indian makes settlement in good faith upon lands not reserved therefrom, an allotment therefor can not be denied on the ground that the lands are too poor in quality."

the Court will review the whole record which is the basis of the said Decision of the Secretary of the Interior or such portions thereof as may be cited by any party and due account shall be taken of the rule of prejudicial error. Noren et al. v. Beck, D.C., 199 F.Supp. 708, and 5 United States Code 1009(d). The Court has directed the parties to produce the whole record or such portions thereof as desired, which has been accomplished and judicial review has been made of the same.

■ On the basis of such judicial review, the Court finds, first, that the Secretary of the Interior in his discretion is authorized to examine and classify any lands which have been withdrawn by said Executive Order No. 6964 which are more valuable or suitable for the production of agricultural crops than for the production of native grasses and forage plants, or more valuable or suitable for any other use than for the lands provided for under Chapter 8A pertaining to grazing lands. 43 United States Code, Section 315, et seq. In this connection, the Secretary of the Interior from his examination and consideration of the matter found as set out in said Decision that the soil on the land involved is too shallow, droughty and steep for crops; that the capability of the land is limited to grazing; that the grazing capacity of the land, being 4.5 acres per animal unit month, cannot support an Indian family; that this land would support only three cows or units of livestock on a year-round basis with supplemental feeding being required at least three months of the year; that the average size farm or ranch in the area consists of 1962.8 acres as compared with the proposed allotment containing only 160 acres; that there is no developed water on the tract and that the land is suitable for only grazing under special management practices.[2]

■ The effect of the Decision of the Secretary of the Interior is a finding that said land is not more valuable or suitable for the production of agricultural crops than for grazing uses and that said land is not more valuable or suitable for any other use than for grazing. All proper factors appear to have been considered and weighed.

By judicial review of the said Decision of the Secretary of the Interior, as aforesaid, the Court finds that the procedure followed by and the action of the Secretary of the Interior in this matter have been lawfully accomplished and have been accomplished as prescribed by the appropriate statutes and by employing the proper standards or tests. The Court further finds from the record before it that the said Decision of the Secretary of the Interior in denying said application of the plaintiff, Lee Ella Daniels, was not arbitrarily or capriciously reached and did not amount to an abuse of his

2. Pertinent portions of this Decision are quoted as follows:

"The S½S½ Sec. 11, T. 6 N., R. 1 E., Cimarron Meridian, Oklahoma varies from mesa top to steep and stony with sandstone escarpments along the breaks. The slopes vary from 10 per cent to nearly vertical. The soil is Travessilla stony loam along the lower and more gentle slopes and on the mesa top. This soil is too shallow, droughty and steep for crops. The vegetal cover consists of pinon-juniper along the steep slopes and breaks, grama grasses, little bluestem, sand dropseed, three-awn, ankeweed, yucca, cacti and oak brush. The capability of the S½S½ Sec. 11, T. 6 N., R. 1 E., Cimarron Meridian, Oklahoma, is limited to grazing. The grazing capacity, 4.5 acres per animal unit month, cannot support an Indian family. This tract of land would support only three cows or units of livestock on a year-round basis. Supplemental feeding is required at least three months of the year. In this area the ranches are large, and the average size farm and ranch is 1,962.8 acres versus the proposed 160 acres. The suitability of the lands is limited to grazing under special range management practices to prevent severe wind erosion in this area. There is no developed water on the tracts. The droughty climatic conditions of this area are a very important factor on small submarginal and uneconomical ranching units. The proper use of the land in this area is for farm and ranch enlargement."

discretion, but the same was in accordance with law; that said Decision was not contrary to any constitutional right, power, privilege or immunity of the applicant; that said Decision was not in excess of the statutory jurisdiction and authority given to the Secretary of the Interior, nor short of the same; that said Decision and the manner in which it was reached observed the procedure required by law; that the said Decision reached by the Secretary of the Interior is supported by substantial evidence and that the facts before the Court do not warrant a trial de novo herein.

Based on the foregoing judicial review and findings by this Court, the Decision of the Secretary of the Interior under date of July 25, 1964, by which the application of the plaintiff, Lee Ella Daniels, for an allotment of the subject land was denied, should be affirmed, and upon such basis the complaint of the plaintiffs herein should be dismissed.

Counsel for the defendants will prepare an appropriate judgment in conformity with the foregoing and submit the same to the Court for signature and entry herein.