**ARROW MEAT COMPANY, an Oregon corporation, Plaintiff,**

v.

**Orville L. FREEMAN, Secretary of Agriculture, United States Department of Agriculture, David M. Pettus, Director, Livestock Division, United States Department of Agriculture, Agricultural Marketing Service, and the United States of America, Defendants.**

**Civ. No. 65–47.**

United States District Court
D. Oregon.
Nov. 18, 1966.

George W. Mead, Portland, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Victor E. Harr, Asst. U. S. Atty., Portland, Or., for defendants.

OPINION

SOLOMON, Chief Judge:

Plaintiff, Arrow Meat Company, seeks to set aside an order of the Marketing Service of the United States Department of Agriculture which suspended the benefit of Federal meat grading services at plaintiff's plant for a period of 30 days. This Court has jurisdiction to review a legal wrong suffered by a person because of agency action. 5 U.S.C.A. § 1009.

Arrow Meat Company is the owner and operator of a slaughter house and

meat packing plant. Since 1945 the Marketing Service, pursuant to 7 U.S.C.A. § 1622, has furnished the plaintiff with Federal meat grading services. On February 24, 1964, the Marketing Service served upon Arrow a complaint which alleged that Arrow had violated regulation 7 C.F.R. 53.13.

Section 53.13 Denial or Withdrawal of service provides:

> (a) (1) * * * the benefits of the service may be otherwise denied to, or withdrawn from, any person who, or whose employee or agent in the scope of his employment or agency * * *
>
> > (vi) has knowingly obtained or retained possession * * * of any carcass or wholesale or retail cut bearing any designation specified in subdivision (vii) of this paragraph which has not been federally graded * * *;
> >
> > (vii) has applied the designation * * * "choice" * * * on any carcass [which has not been federally graded].

A hearing was held on this complaint before a Hearing Examiner for the Department of Agriculture. At the hearing Arrow admitted that one of its employees without authorization from the Federal meat grader applied the USDA Choice roller marking to 79 full ribs of beef and to 17 loins of beef. Arrow also admitted that Mr. Wolf, its "working foreman" in charge of cooler work and loading of trucks, caused this meat to be delivered to Lane Meat Company, in spite of his knowledge that it contained unauthorized USDA Choice markings. Notwithstanding these admissions, Arrow asserts that the charges should be dismissed because these employees acted outside the scope of their employment.

Mr. Jacobsmuhlen, the president of Arrow, testified that he was out of the country at the time the beef was marked and that he had no knowledge of the unauthorized markings. But Mr. Stronach, the manager of Lane Meat Company from 1961 to 1963, testified that on several occasions Lane received meat from Arrow which had been marked with the USDA Choice stamp but did not bear the Federal grader's preliminary identification stamp. He also stated that he discussed the lack of the Federal grader's preliminary stamp in a general way with Mr. Jacobsmuhlen.

After a hearing, the Deputy Administrator of the Marketing Service found that Arrow's employees acted within the scope of their employment and that Arrow was guilty of violating 7 C.F.R. 53.13. He based his conclusions on his findings that: (1) the employee who placed the unauthorized mark on the beef was employed to handle and grade beef; (2) the employee who shipped the meat with knowledge that it contained unauthorized markings had authority to ship meat; (3) both of the employees performed the prohibited acts during working hours; and (4) both of the employees retained their jobs after the president of Arrow discovered their wrongful acts. The Deputy Administrator ruled that it was not necessary that the president of Arrow have actual knowledge of the prohibited conduct of his employees for these acts to be done within the scope of their employment.

On January 12, 1965, the Agricultural Marketing Service issued an order withdrawing the benefits of Federal meat grading services from Arrow for a period of 30 days. The Agency first granted a stay of the order to permit Arrow to request a reconsideration of the order and then extended the stay for the duration of the proceedings before this Court.

In this Court Arrow attacks the validity of the order because it is not supported by substantial evidence and because a withdrawal of the services for thirty days is an excessive and unreasonable penalty.

Plaintiff concedes that it could be held civilly liable for the acts of its employees under the circumstances of this case; however, it contends that criminal penalties and sanctions cannot be imposed

upon an employer unless he had knowledge or authorized his employees' acts.

No criminal penalties have been imposed against plaintiff. The Government did not bring an action under 7 U.S.C.A. § 1622(h) to fine or imprison the president of Arrow for knowingly representing that a product has been officially inspected when such commodity has not been so inspected.

The Government inspects and grades meat for the benefit of the consuming public. The integrity of the Government's program will be destroyed unless it can require recipients of meat grading services to exercise adequate supervision and control over their employees. The regulation permits the Agency to withdraw its meat grading services from an employer whose employees violate the regulation in the scope of their employment.

I find that there is ample evidence that the employees of Arrow acted within the scope of their employment when they did the prohibited acts. Mr. Jacobsmuhlen's lack of knowledge of such wrongdoing at the time of the commission of the acts is not a defense. I also find that the withdrawal of Federal meat grading services from Arrow for a period of thirty days is not unreasonable.

At a hearing before me I conditionally permitted the plaintiff to introduce additional testimony and to file a supplemental brief. Plaintiff in its supplemental brief has failed to cite any authority in support of its contention that I can consider this additional evidence, and I am now of the opinion that I cannot.

This proceeding is one to review an administrative order pursuant to 5 U.S.C.A. § 1009(e). "In such a proceeding the plaintiff is not entitled to a de novo hearing in the district court." Dredge Corporation v. Penny, 9 Cir. 1964, 338 F.2d 456, 462.

Moreover, I find the determination of the Deputy Administrator is substantially supported by the evidence even if I consider the additional evidence presented before this Court.

This opinion shall serve as findings of fact and conclusions of law in accordance with Rule 52(a) Fed.R.Civ.P. Judgment shall be entered for the defendants.