D. Q. (Bill) COUCH, Plaintiff,

v.

Stewart UDALL, Secretary of the Interior, Department of the Interior, of the United States of America, Defendant.

Civ. No. 66–282.

United States District Court
W. D. Oklahoma.

March 29, 1967.

John R. Couch, Oklahoma City, Okl., for plaintiff.

Robert L. Berry, Asst. U. S. Atty., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

This case is before the Court for consideration of Defendant's Objections to Plaintiff's Interrogatories as served January 10, 1967. In considering this matter the Court has reviewed the Response Brief of Plaintiff and Reply Brief of Defendant. The Court has previously granted the Plaintiff's requests for extensions of time in which to Respond to Defendant's Motion for Summary Judgment until the Court ruled on the objections.

In this action the Plaintiff attacks as arbitrary and capricious the decision of the Acting Solicitor of the Secretary of the Interior that Kickapoo Indian land is not stripped of its trust or restricted character when passed by devise or inheritance to a Kickapoo Indian who is a national of Mexico. Relief is sought by invoking the provisions of Section 10 of the Administrative Procedure Act (5 U.S.C. § 1009) wherein the statute provides the Court shall " * * * review the whole record * * * " in making determinations of the lawfulness of agency action. 5 U.S.C. 1009(e) (6). In O'Dwyer v. C. I. R., 266 F.2d 575, 580 (Fourth Cir.1959), cert. denied 361 U.S. 862, 80 S.Ct. 119, 4 L.Ed.2d 102 (1959), the Court held "that the judicial review of the 'whole record' mentioned in Sec. 10(e) envisages, in the case of adjudication, a review of the record made in cases wherein Sections 5, 7, and 8 of the Act * * * are applicable." In construing the ramifications of the "whole record" the Court finds the following language from Noren v. Beck, 199 F.Supp. 708 (S. D.Calif.N.D.1961) persuasive: " * * * the conclusion is inescapable that the only admissible evidence which a district court could properly consider in a case such as this, is the record made during the administrative proceedings in the Department of the Interior, and the only question to be resolved is whether the decision of the Department of the Interior is supported by any evidence."

It is also pertinent to point out that the Court's power on judicial review is proscribed wherein the Court does not make a new and independent determination of the facts in the agency "record" under the substantial evidence rule. Implicit in this proscription is the fact the Court is reviewing the "record" of the

administrative proceedings and that the parties are not entitled to a trial de novo. Consolidated Edison Co. v. National L. R. Bd., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938); United States v. Carlo Bianchi & Co., 373 U.S. 709, 715–717, 83 S.Ct. 1409, 10 L.Ed.2d 652, 657–659 (1963); O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); Attocknie v. Udall, 261 F. Supp. 876 (W.D.Okl.1966).

■ Section 10(e) of the Administrative Procedure Act prescribing the function of judicial review of agency action must be read in pari materia with the appropriate section of the Social Security Act on the subject of judicial review. Rafal v. Flemming, 171 F.Supp. 490 (E. D.Va.Norfolk Div.1959). Under circumstances similar to the case at bar the Court has stricken interrogatories after finding that its review was restricted to the record of the hearing before the administrative bodies and the evidence produced therein. Ussi v. Folsom, 157 F. Supp. 679 (N.D.N.Y.1957), affirmed 254 F.2d 842; Head v. Flemming, 188 F. Supp. 297 (D.Oregon 1960).

■■ The Court finds no authority or salutary reason for permitting the Plaintiff to initiate discovery in this Court after final administrative decision as a means of demonstrating that the ruling of the Acting Solicitor of the Department of Interior was arbitrary, capricious, and inconsistent based upon memoranda or opinions in other cases. To permit the Plaintiff to search for evidence of an alleged long established policy of the Department of the Interior favorable to his position would be equated to an impermissible trial de novo on new evidence adduced in this Court. In the recent cases of Sterling Davis Dairy v. Freeman, 253 F.Supp. 80 (D.New Jersey 1965), and Arrow Meat Company v. Freeman, 261 F.Supp. 622 (D.Oregon 1966), it was decided that it is not the function of a Court on review of administrative action to engage in de novo fact finding or trial process or to consider additional evidence.

For the foregoing reasons the Court must strike the Plaintiff's Interrogatories, deny the Motion for extension of time to file reply brief, and require the Plaintiff to file a Response with supporting brief to Defendant's Motion for Summary Judgment within fifteen days from the date hereof. It is so ordered.