· Michael SOBEL

v.

Arthur S. FLEMMING, U. S. Secretary of Health, Education and Welfare.

Civ. No. 25485.

United States District Court
E. D. Pennsylvania.

Dec. 7, 1959.

892

Samuel F. Pepper, Philadelphia, Pa., for plaintiff.

Walter E. Alessandroni, U. S. Atty. and Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

LORD, District Judge.

The instant action is brought under § 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g). Plaintiff seeks to have reviewed a final administrative determination finding that he is not entitled to the establishment of a "period of disability" or to "disability insurance benefits" under § 216(i) and § 223 of the Act, 42 U.S.C.A. § 416(i) and § 423. Presently for disposition is defendant's Motion for Summary Judgment.

All parties agree that the correctness of both rulings by the Department depends upon the determination of one issue: Does plaintiff's physical impairment amount to a "disability" within the purview of § 216(i) and § 223? It is to be noted that in an action of this nature the scope of judicial review is limited. Under § 205(g) administrative findings of fact, if supported by "substantial evidence", are conclusive. However, on review the court is to examine the record as a whole. Boyd v. Folsom, 3 Cir., 1958, 257 F.2d 778; Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776. Further, in examining the record this Court "must keep in mind, as adjured by the Supreme Court, that 'courts must now assume more responsibility for the reasonableness and fairness' of decisions of federal agencies 'than some courts have shown in the past' and 'Reviewing courts must be influenced by a feeling that they are not to abdicate the conventional judicial function.' Universal Camera Corp. v. National Labor Relations Board, 1951, 340 U.S. 474, 490, 71 S.Ct. 456, 466, 95 L.Ed. 456." Goldman v. Folsom, supra 246 F.2d at page 778.

Under the Social Security Act, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." §§ 216(i) and 223, 42 U.S.

C.A. §§ 416(i), 423. In ascertaining "disability" two essentials are required: "(1) a determination of the extent of the physical or mental impairment and (2) a determination whether that impairment results in an inability to engage in any substantial gainful activity." Klimaszewski v. Flemming, D.C., 176 F.Supp. 927, 931, opinion by Chief Judge Biggs filed September 16, 1959.

Plaintiff initially commenced proceedings under the Social Security Act on April 13, 1955. After a series of adverse administrative actions plaintiff requested and was granted a hearing before a Referee on December 17, 1957. On March 11, 1958 the Referee denied relief, noting that Mr. Sobel's "impairment has not been of such severity as would prevent him continuously from engaging in any type of substantial gainful work consistent with his age, education, training, skill and work experience." Upon denial of review by the Appeals Council on August 29, 1958, the decision of the Referee became final.

The plaintiff is presently 53 years old. He has completed two years of high school. Since an automobile accident on July 26, 1953 Mr. Sobel has not been employed. For a substantial number of years prior thereto, the plaintiff was gainfully employed as a painter of industrial plants. He has also had some supervisory experience in this vocation.

The automobile accident of July 26, 1953 resulted in a severe injury to plaintiff's left leg, requiring extensive hospitalization and surgical procedures. An operation to correct a mal-union of the left tibia was performed on September 26, 1953. Osteomyelitis of the left tibia occurred in November 1954. Following a number of unsuccessful surgical procedures to correct this condition, the lower one-third of plaintiff's left leg was amputated on June 20, 1955. Following the amputation, plaintiff was, and continues to be, treated for post traumatic causalgia. On August 24, 1956 a neuroma of the sciatic nerve was excised. Hospitalization was again required in January 1957 for "repeated paraverte-

bral blocks." Another neuroma of the sciatic nerve was excised on August 5, 1957. Plaintiff was last hospitalized in September 1957 at which time a left lumbar sympathectomy was performed.

In commenting upon the medical history of the plaintiff, the Referee in his decision dated March 11, 1958 noted, *inter alia*:

"The claimant has had one leg amputated in 1955 as a result of an auto accident in July 1953. He did have recurring neuromas from time to time which require[d] excision, *but this is not an uncommon situation in connection with amputations.* A lumbar sympathectomy performed in September, 1957, *substantially relieved the symptoms of the post traumatic causalgia of the left amputated limb.*" (Emphasis supplied.)

A review of the entire administrative record indicates that the Referee did not base the italicized findings upon substantial evidence. While "recurring neuromas" following an amputation may in fact be a common situation, the only reference to this in the record is found in the second paragraph of Dr. John L. Grow's report, being Exhibit No. 23 in the case. It is to be noted however that this paragraph of the report was not admitted into evidence. (Record, page 21). More important however, the finding that the lumbar sympathectomy *substantially* relieved the symptoms of the post traumatic causalgia is not supported by the evidence. In this regard both the report of Dr. Sterling dated December 20, 1957, and the testimony of Mr. Sobel are significant. Dr. Sterling noted: "During September 10, 1957, to September 21, 1957, he [Mr. Sobel] was hospitalized at the Albert Einstein Medical Center. Left lumbar sympathectomy was done. Relief of *some symptoms* was accomplished. There remains, however, inability to balance and an inadequate capability at maintaining any position which will not permit this man to work." (Emphasis supplied). It is clear that Dr. Sterling as of December 20, 1957 did not

consider the causalgia to have completely run its course. He concluded his letter to the Social Security Administration by stating: "It is my opinion that Mr. Sobel is *unable to work* because of the *residual effects of the causalgia.*" (Emphasis supplied). Mr. Sobel, under questioning by the Referee concerning the lumbar sympathectomy, indicated that his condition remained the same following the operation. While the plaintiff was not qualified to give a medical opinion, his subjective analysis of his own condition, together with Dr. Sterling's report, constitute the only evidence before the Referee on this point. It follows that the finding by the Referee was not supported by the record as a whole.

The major physical complaint asserted by the plaintiff at the hearing before the Referee was "spasms" in the left leg. This condition was described symptomatically by the plaintiff: "The leg stiffens up and just needles shooting back and fourth in your body * * *" (Record, page 69). In regard to this condition, the Referee found: "The claimant experiences spasms in his leg but generally relatively mild medication promptly relieves the pain." The Referee did not make specific findings as to the frequency, intensity, or effect of the spasms. While there is some confusion in the record as to the frequency of the spasms, it appears from the record as a whole that a spasm in the leg may occur at anytime. Plaintiff has had attacks both while standing and sitting. The intensity of pain experienced during a spasm appears to vary. However, the effect of a spasm appears to be constant. The plaintiff testified: "I drop everything. If I do walk with crutches, and if a spasm takes hold of me, I go down." (Record, page 69). This Court feels that the "effect" of the spasm is an important factor in determining whether or not the plaintiff can engage in "any substantial gainful activity." Apparently however, the Referee did not consider this aspect significant.

■ In his decision, the Referee found that Mr. Sobel is "no longer able to perform the type of work (painting interior and exterior of industrial plants) which he did for a number of years." On the other hand, the Referee found that the plaintiff "has been and would be able to do many kinds of light work, including operating a spray paint gun, or supervising paint work, if it did not require excessive standing or any climbing." The determinative issue in this case is whether this conclusion by the Department is proper in light of the purposes and requirements of the Act.

■ In this regard, it is important to remember that "the definition of disability cannot be considered in *vacuo*. The definition relates to the individual claimant. '[T]he act is concerned not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits and the effect of the impairment upon that person, with whatever abilities or inabilities he has.' Dunn v. Folsom, D.C.W.D. Ark.1958, 166 F.Supp. 44, 48." Klimaszewski v. Flemming, supra [176 F. Supp. 931].

The Referee gave great weight to the fact that Mr. Sobel had applied in May of 1956 for employment as a paint sprayer. At the hearing Mr. Sobel indicated that he felt he could handle such work in May 1956. His testimony indicates however, that starting sometime thereafter his physical impairment increased. In regard to the ability of the plaintiff to hold down a position of a supervisory nature, it is undisputed that plaintiff's only painting experience has been in the area of "industrial painting" which encompasses painting operations on factories, schools, hospitals and the like. It is also undisputed that the supervision of industrial painting requires the ability to climb in order to inspect the work properly. Concededly, the plaintiff can not do this.

In concluding that there are "many light occupations" which Mr. Sobel could perform, the Referee made specific reference to plaintiff's testimony in which the latter had indicated his ability to do various light chores about the home. In

this connection, the Court feels that the Referee exacted too severe a test from the plaintiff. While it is true that the plaintiff indicated that he occasionally used public transportation, fixed a light cord, or helped dry the dishes at home, a demonstration of this nature does not indicate that plaintiff is able to engage in "any substantial gainful activity" within the contemplation of the Social Security Act. Further, the Referee apparently felt that plaintiff's ability to paint the baseboards of two rooms in his home in 1957 was significant. In this regard the Referee pointed out that Mr. Sobel "worked slowly a couple of hours a day for about six days." Totally omitted from the Referee's report however, was plaintiff's testimony that before the accident in 1953, he would have completed the same task in "less than an hour." (Record, page 56).

The ability of a claimant to engage in "any substantial gainful activity" is not to be predicated upon an ability to do "any" activity. A person need not be "bedridden," or at "death's door" to meet the requirements of the Act. Aaron v. Fleming, D.C.M.D.Ala.1958, 168 F. Supp. 291, 295. The capabilities of the individual must be viewed in context with his own physical, educational and vocational background. Further, the ability of the individual to perform the simplest of tasks does not disqualify him from benefits under the Act. The capability of the individual in relationship with the industrial complex in which he lives must also be considered. As noted by Chief Judge Biggs:

> "The statute must be given a reasonable interpretation. It is a remedial statute and must be construed liberally. It was not the intention of Congress to impose a test so severe as that required by the Secretary and to exact as a condition precedent to the maintenance of a claim the elimination of every possibility of gainful employment." Klimaszewski v. Flemming, supra. [176 F.Supp. at page 932].

Upon a review of the entire record in this case, the Court concludes that the Department erred in finding that the plaintiff was not disabled within the contemplation of §§ 216(i) and 223 of the Social Security Act.

For the foregoing reasons, it is ordered that the defendant's motion for summary judgment be and the same is hereby denied.