**Earl R. HOWELL, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education and Welfare of the United States, Defendant.**

**Civ. No. 9783.**

United States District Court
D. Oregon.

July 15, 1960.

Willis, Kyle & Emmons, Albany, Or., for plaintiff.

C. E. Luckey, U. S. Atty., Robert C. Snashall, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

The cause is before this Court pursuant to the provisions of § 205(g) of the Social Security Act (the "Act"), 42 U.S.C.A. § 405(g), in that there has been a final determination by the defendant which was adverse to the plaintiff and he now asks for a review.

The defendant has moved for a summary judgment in accordance with Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which problem now confronts the Court.

The plaintiff worked as a bucker and faller in the logging industry, when in 1950 he was injured in a fall and has engaged in no substantial gainful activity since that date. He asks that a period of disability be established for him pursuant to § 216(i) of the Act, 42 U.S.C.A. § 416(i).

October 1, 1951 is the last date at which plaintiff was eligible for benefits under § 216 of the Act, hence, any disability must have existed prior to that date in order for plaintiff to recover. (Tr. 23).

By reason of his injury, plaintiff received an award, based on total permanent disability, as of September, 1951, from the Railroad Retirement Board and an award from the Oregon State Industrial Accident Commission, based upon permanent partial disability. (Tr. 65, 68, 55).

The determination of disability by another agency is not determinative of the issue under the Act because such agency may have standards by which to determine disability which varies with the requirements as set up by the Act, and each fact-finding agency is entitled to make its own determination consistent with proper evidentiary support. N. L. R. B. v. Intermountain Express Co., 8 Cir., 1955, 228 F.2d 170.

Section 216(i) (1) of the Act, 42 U.S.C.A. § 416(i) (1), places the burden upon the plaintiff to show that he has a medically determinable disability which would preclude him from engaging in substantial gainful activity. Norment v. Hobby, D.C.Ala.1953, 124 F.Supp. 489; Thurston v. Hobby, D.C.Mo.1955, 133 F. Supp. 205; Ussi v. Folsom, D.C.N.Y. 1957, 157 F.Supp. 679, affirmed 2 Cir., 1958, 254 F.2d 842.

The extent of disability must be viewed in light of the education, vocational training and the industrial complex in which the claimant lives rather than a theoretical vacuum. Dunn v. Folsom, D. C.Ark.1958, 166 F.Supp. 44; Klimaszewski v. Flemming, D.C.Pa.1959, 176 F. Supp. 927; Sobel v. Flemming, D.C.Pa. 1959, 178 F.Supp. 891.

It is for the trier of fact to determine which of possibly conflicting evidence to accept, and from a complete reading of the record before the Court it appears the evidence is such that the defendant's determination that plaintiff's disability, prior to October 1, 1951, was not such as to place him within the provisions of § 216 of the Act, is not an unreasonable conclusion. There is substantial evidence to support the findings when the medical reports are read (Tr. 58–61, 70, 76, 77, 84–94), coupled with the testimony of the plaintiff describing his activity since his injury. (Tr. 47–52).

The record indicates that the referee hearing the case gave consideration to all the facets of the evidence before him (Tr. 22–27), and the Appeals Council reconsidered, taking into account the additional evidence presented after the case was remanded when it first came to this Court. (Tr. 2–12).

It would appear that the motion for summary judgment on the part of the defendant should be granted, as there is no question of fact or of law which remains to be answered as appears from the record of this cause.

Counsel for defendant is requested to submit appropriate judgment order.