Robert HUGHES, Plaintiff,

v.

Arthur FLEMMING (to be substituted by the Honorable Abraham A. Ribicoff), Secretary of the Department of Health, Education and Welfare, Social Security Administration, Defendant.

Civ. No. 60-388.

United States District Court
D. Oregon.

July 10, 1961.

George W. Rode, Medford, Or., for plaintiff.

C. E. Luckey, U. S. Atty., and Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

This is an action under section 205(g) of the Social Security Act (Act), as amended, 42 U.S.C.A. § 405(g), to review a "final decision" of the Secretary of Health, Education and Welfare. The "final decision" of the Secretary in this case consists of a decision rendered on April 20, 1960, by a hearing examiner in the Office of Hearings and Appeals, which decision became the final decision of the Secretary when the Appeals Council, on August 30, 1960, denied the plaintiff's request for review. The hearing examiner held that the plaintiff is not entitled to the establishment of a period of disability (under § 216(i) of the Act) or to disability insurance benefits (under § 223 of the Act).

Plaintiff's applications to establish a period of disability and for disability insurance benefits were filed on January 23, 1959. To be eligible for the establishment of a period of disability (a so-called "disability freeze") or for disability benefits, plaintiff must, at the time of his applications, have been under a continuous disability for at least six calendar months and still continuing indefinitely at the time of the filing of his applications. 42 U.S.C.A. §§ 416(i) and 423. In his applications plaintiff alleged that he first became unable to work in September, 1955.

Plaintiff is a man now 52 years of age. He has a fourth-grade education, and his training and experience have been solely in heavy manual labor, primarily in the logging industry. He has been blind in the right eye for 30 years, has bilateral nystagmus (involuntary rapid movement of the eyeball), and astigmatism of the left eye. He suffered a leg injury in a logging accident during June, 1955. This injury necessitated several surgical operations, including the eventual removal of the knee cap. He is able to walk with the aid of crutches, but it causes him considerable leg and back pain. Plaintiff fractured his ankles in 1942, but they were operated on and he subsequently returned to work in the woods. He wore ankle supports for a time. The later injury to his left knee made it necessary to put additional weight on his right foot, and this caused difficulty with the previously-injured ankle. The medical evidence consists of reports by Drs. Bolton, Brown and Reid, respectively. In his report dated December 5, 1958, Dr. Bolton stated that plaintiff "does very well," and "He is still not strong enough to go without support, however." In a report dated February 16, 1959, the same doctor stated that "he was doing very well," but that "he remains completely disabled from being able to carry on his occupation of logger." Dr. Brown stated, on March 23, 1960, that plaintiff "is disabled for work, 100%." Dr. Reid stated, on April 1, 1960, that plaintiff "is unable to work at his usual employment" due to his leg injury. As of June 30, 1959, plaintiff was found by the State Industrial Accident Commission of Oregon to be permanently

and totally disabled, under the laws administered by that agency.

■■ It was upon the basis of the foregoing facts that the hearing examiner concluded that plaintiff was not precluded from engaging in substantial gainful activity and, therefore, was not entitled to establish a period of disability or to disability insurance benefits. The issue before the Court is whether there is substantial evidence to support the examiner's findings of fact, and whether he properly applied the law to the findings of fact which are supported by such evidence. 42 U.S.C.A. § 405(g).

"Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. of New York v. N.L.R.B., 1938, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126.

Stated another way, the "substantial evidence" rule does not constitute a basis for abdication of the Court's normal power and function of judicial review.

"Where the administrative decision is based upon conclusions not reasonably reached upon due consideration of all the relevant issues presented * * * the court may properly correct the errors below." Jacobson v. Folsom, D.C.S.D.N.Y. 1957, 158 F.Supp. 281, 285. See also, Hill v. Fleming, D.C.W.D.Pa. 1958, 169 F.Supp. 240.

"(and where) the Referee chose to draw unwarranted inferences and come to the opposite conclusion. His determination is unsupported by substantial evidence." Fleming, etc. v. Huycke, 9 Cir., 1960, 284 F.2d 546, 550.

The only observations made by the examiner upon which he could, and apparently did, base his conclusion that plaintiff possessed the ability to engage in lighter or sedentary work, are the following: Plaintiff takes care of his own personal needs, can dress himself, drives a car, and usually walks approximately a mile each day. There is no evidence to support the statement that plaintiff presently is able to and does drive a car. The only evidence on that subject is directly to the contrary. The fact that plaintiff makes it a practice to take a walk each day certainly is not a very weighty factor, in light of his explanation that to do so, was sometimes very painful and that his reason for continuing was a fear of becoming bedridden. Neither do the facts. that plaintiff is able to care for his own "personal needs" and to dress himself warrant the denial of disability benefits.

"The ability of a claimant to engage in 'any substantial gainful activity' is not to be predicated upon an ability to do 'any' activity. A person need not be 'bedridden,' or at 'death's door' to meet the requirements of the Act. Aaron v. Fleming, D.C.M.D. Ala.1958, 168 F.Supp. 291, 295. The capabilities of the individual must be viewed in context with his own physical, educational and vocational background. Further, the ability of the individual to perform the simplest of tasks does not disqualify him from benefits under the Act. The capability of the individual in relationship with the industrial complex in which he lives must also be considered." Sobel v. Flemming, D.C.E.D.Pa. 1959, 178 F.Supp. 891, 895.

The following quotation from the decision in Kohrs v. Flemming, 8 Cir., 1959, 272 F.2d 731, 736, a case in which the claimant had lost the use of one arm, is particularly apposite.

"Of course, it would be unrealistic not to recognize the fact that many persons who have but one limb are able to and do engage in substantial gainful activities. But it would be equally unrealistic to fail to find statutory disability where the loss of the use of one limb has resulted in continuous pain and discomfort, the need for an awkward brace, the termination of employment, and the inability to work at anything for which one has been trained."

The facts of that case are strikingly similar to those in the case at bar. Another decision of persuasive force is Dunn v. Folsom, D.C.W.D.Ark.1958, 166 F.Supp. 44, 48. In that case the claimant was partially deaf, was blind in one eye, had a fourth-grade education, had a severe impairment of one leg, and had work experience at heavy and unskilled labor. In reversing the administrative determination that the claimant was not disabled, the court stated as follows:

"(T)he act is concerned not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits and the effect of the impairment upon that person, with whatever abilities or inabilities he had. * * * Thus, if a medically determinable physical impairment exists, the court should consider whether such impairment prevents the particular plaintiff from engaging in any substantial gainful activity for which he is qualified, and to that end may consider his education, training, and experience, as well as the nature and extent of the impairment itself."

In conclusion, the Court finds that the decision of the hearing examiner (the Secretary's "final decision") is clearly erroneous, that his findings of fact, insofar as they would support denial of the disability claim, are not supported by substantial evidence, and that he misapplied the law to the evidential facts. All the relevant evidence in the record establishes the plaintiff's disability within the meaning of the Act. As was stated in Dunn v. Folsom, supra,

"If he (plaintiff) is able at some future time to rehabilitate himself, the Secretary can, of course, terminate his period of disability and his disability benefits."

Counsel for plaintiff is requested to submit an appropriate order denying defendant's motion for summary judgment and reversing and remanding the case to the Secretary, Department of Health, Education and Welfare, with directions that the plaintiff be granted a period of disability and fixed disability insurance benefits as allowable as he would have been entitled to had his applications therefor been approved. Counsel for plaintiff is also requested to submit a preceding order substituting the Honorable Abraham A. Ribicoff as Secretary of the Department of Health, Education and Welfare, Social Security Administration, Defendant.