Frank W. WILEY, Plaintiff,

v.

Arthur S. FLEMMING (Substituted by The Honorable Abraham A. Ribicoff), Secretary of Health, Education, and Welfare, Defendant.

Civ. No. 60–327.

United States District Court
D. Oregon.

Sept. 15, 1961.

Jack L. Kennedy, Evans & Kennedy, Portland, Or., for plaintiff.

Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

This matter is before the Court on defendant's motion for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Jurisdiction is based upon § 205(g) of the Social Security Act (42 U.S.C.A. § 405 (g)), which provides that "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

The action arose out of a final determination by the Secretary that the claimant, Frank W. Wiley, was not entitled to a "disability freeze" under § 216(i) of the Social Security Act (42 U.S.C.A. § 416(i)), or to establish disability insurance benefits under § 223 of the Act (42 U.S.C.A. § 423). The requested "freeze" provisions would eliminate certain low-income periods from the claimant's records during the time he was under a disability, so that his eventual Social Security payments would not be lowered by the inclusion of this unproductive period. The Section 223 provisions contemplate payments of monthly benefits to an individual who has reached the age of fifty years and is under a disability. The issue to be determined in this case then is whether or not the claimant Frank W. Wiley is so disabled within the meaning of this Act that he is entitled to the benefits appurtenant thereto. As the test for disability is the same for the Section 216 and Section 223 benefits, both will be considered together.

■■ In regard to what constitutes disability, the Social Security Act provides in pertinent part in § 216(i) (1) (A) (42 U.S.C.A. § 416 (i) (1) (A)) that the term "disability" means

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be

of long-continued and indefinite duration * * *."

Subpart (B) of this same Section provides that

"An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required."

In construing these sections, courts have consistently held that the disability requirement intended by Congress was that the claimant must be disabled not only for his usual work but also for any type of substantial gainful employment. Liles v. Flemming, D.C.N.D.Cal.1959, 176 F. Supp. 303; Fuller v. Folsom, D.C.W.D. Ark.1957, 155 F.Supp. 348; Adams v. Flemming, 2 Cir., 1960, 276 F.2d 901. However, as observed in Teeter v. Flemming, 7 Cir., 1959, 270 F.2d 871, 874, 77 A.L.R.2d 636:

"The Social Security statute does not require applicant to be completely helpless, but to be unable to engage in substantial and gainful activity (commensurate with his age, educational attainments, training experience, mental and physical capacities) by reason of a medically determinable physical or mental impairment."

The scope of review in this Court is expressly restricted by § 205(g) and (h) of the Act, (42 U.S.C.A. § 405(g) and (h)) to judicial review of the Secretary's determination and findings, and the Court may not grant any other relief. On this matter, claimant's prayer in his complaint requesting affirmative relief beyond judicial review is improperly before the Court.[1]

■ The Act provides in § 205(g) (42 U.S.C.A. § 405(g)) that:

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *."

A reviewing court cannot retry the matter but only review the record. Therefore, if upon an examination of the record, any substantial evidence to support the hearing examiner's conclusion may be found, this finding must be upheld.

■ The claimant is a white male, 54 years of age, who has a seventh-grade education and can read and write. His testimony established that he had worked at manual labor since his childhood and recently had been employed as a cat-skinner, a welder, and a ship-rigger. His application for benefits was made on April 8, 1959, and it is of that date that his disability to engage in any substantial gainful activity must be determined.

■ The pertinent medical evidence need not be repeated except in that it established that the claimant had low-back trouble arising out of a displaced vertebra in the lumbar region. Due to this condition, he experienced recurring severe pain for which he took several aspirin tablets each day. The condition arose out of an accident in 1942, and claimant testified that it became progressively worse up to October of 1958, when a spinal fusion was performed to relieve the pain. Prior to this time, the diagnosis showed substantially normal reflexes and 75% of normal movement for a person of the claimant's age and stature. Following the fusion, claimant considered himself totally and permanently disabled. The medical report following the operation stated that the claimant would not be able to return to heavy labor until some time in June of 1959. The operation was not as successful as hoped, however, and as of the present date the claimant has been unable to do any heavy labor, and, by his own testimony, no light work either. The claimant made mention of a report or reports at the hearing from a physician, which reputedly stated that the claimant was totally disabled. This report was not produced, however, and the only testimony pointing towards more than a temporary, partial disability was

1. McGrew v. Hobby, D.C.D.Kan.1955, 129 F.Supp. 627; Ayers v. Hobby, D.C.D.Va.1954, 123 F.Supp. 115.

from the claimant himself. As the burden of proof of disability is upon the claimant, the failure of the claimant to produce sufficient evidence to substantiate his claim weighs heavily against him in this action. Fuller v. Folsom, D.C. W.D.Ark.1957, 155 F.Supp. 348, 354. On the other hand, the hearing examiner had reports from the Veteran's Administration showing that as of the time under consideration, April of 1959, there was a possibility that the claimant might even be able to resume manual labor within some time and that he would be able to do at least some type of work in the future. Also, the examiner relied upon evidence that the claimant occasionally drove his standard-shift pickup, carried in the kindling at times, and walked the seven blocks to the hearing room. While these particular acts are not in themselves conclusive of an ability on the part of the claimant to do any sustained work involving these activities, it is not for this Court to [2] substitute its judgment for that of the fact-finding body. The claimant relied on a determination by the Oregon State Vocational Rehabilitation Agency that his injuries were too severe to qualify him for agency training. While the state determination is shown by the record (Tr. 77) to be based on more than the disability, another administrative agency's determination, even though pertinent, is not binding on the issue of disability in any case, because of the varying standards set up. Howell v. Flemming, D.C.D.Or.1960, 188 F.Supp. 223. This latter case is generally determinative of the major issues in this action, and this Court must hold that there was substantial evidence on which the Secretary could base a denial of the benefits requested by the claimant.

It appearing to the Court that all pertinent issues of fact and law are answered on the record, the defendant's motion for summary judgment should be granted. Counsel for the defendant is requested to submit appropriate judgment order.

---

2. Howell v. Flemming, D.C.D.Or.1960, 188 F.Supp. 223; Carqueville v. Flemming, 7 Cir., 1959, 263 F.2d 875.