Edgar FERREN, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

No. LR-62-C-42.

United States District Court
E. D. Arkansas W. D.

Sept. 20, 1962.

YOUNG, District Judge.

This is an action brought by the claimant, Edgar Ferren, pursuant to 42 U.S. C.A. § 405(g); Mr. Ferren seeks a review of the Secretary's administrative determination that he is not entitled to either a "period of disability" (commonly known as a "disability freeze") or "disability benefits". The claimant has exhausted his administrative remedies, and this court has jurisdiction.

Claimant was born September 25, 1910, and on September 15, 1959 he filed an application for a "period of disability" and "disability benefits"; at this time claimant had not yet reached the age of 49. It was necessary in 1959 [1] for a claimant to have attained the age of fifty (50) before he could become eligible for "disability benefits". It appears that Ferren had not reached the age of fifty years, and I cannot, therefore, consider his eligibility for "disability benefits" of monthly cash payments. However, the problem of determining whether or not claimant is entitled to a "period of disability" is still before this court.

Before the claimant can be granted a "period of disability" it must be shown that he was suffering the disability at the time application was filed. See 42 U.S.C.A. § 416(i) (2).

Mr. Ferren contends that osteoarthritic involvements and a gastrointestinal impairment disable him in such a manner that he is now unable "to engage in any substantial gainful activity by reason of (a) medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." 42 U.S.C.A. §§ 416(i) and 423(c) (2); it is Ferren's duty to establish this fact by a preponderance of the evidence, Lewis v. Flemming, 176 F.Supp. 872 (E.D.Ark. W.D.1959).

Claimant's application complained only of his osteoarthritic condition; but at the hearing the gastrointestinal condition, or a combination of the arthritic and

George E. Lusk, of Wright, Lindsey, Jennings, Lester & Shults, Little Rock, Ark., for plaintiff.

Robert D. Smith, U. S. Atty. for Eastern Dist. of Arkansas, and Charles Mott, Jr., Asst. U. S. Atty., Little Rock, Ark., for defendant.

---

1. This age requirement has since been eliminated by amendments adopted in 1960.

gastrointestinal infirmities, appeared to be the basis of his claim. It is the opinion of this court that, regardless of the claimant's present condition, there was substantial evidence that the claimant was not disabled at the time which he filed his application contending that he was unable "to engage in any substantial gainful activity by reason of (a) medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration." 42 U.S.C.A. § 416 (i).

■ It is the duty of this court to determine whether the Hearing Examiner and the Appeals Council made a finding which was supported by substantial evidence, and whether they correctly applied the applicable rules of law. The court's independent determination is not involved; this is not a trial de novo, and if the fact finder's determination were based upon substantial evidence it makes no difference that the court might have come to a different conclusion.

There seems to be some difference of opinion among the doctors who treated Mr. Ferren. Dr. Dana M. Street, M.D., Professor of Orthopedic Surgery at the University of Arkansas School of Medicine, felt on July 18, 1961 that: "In view of these multiple [osteoarthritis, duodenal ulcer, and bursitis] complaints which have been demonstrated to have organic basis it is felt by the undersigned that this patient would not be sufficiently improved by surgical procedures to enable him to return to gainful occupation." Dr. J. J. Danner, M.D., of Kensett stated in a letter written on the 11th of July, 1961 that he had treated claimant since 1956 and had suspected a malignancy in the gastrointestinal tract. Dr. Porter Rodgers, M.D., felt on October 1, 1959, that Ferren was: "totally disabled from performing difficult manual labor." However, both Dr. John Hundley and Dr. S. V. Richmond

felt that the claimant was not disabled by his osteoarthritis, and Dr. Richmond did not feel that his gastrointestinal involvement was of sufficient extent to disable the claimant in the degree contemplated by the statute.

The Appeals Council did not feel that claimant had a disabling gastrointestinal malady at the time he filed his application, and it appears that this finding is supported by substantial evidence. As the Appeals Council states: " * * * it is clear from the evidence of record, including the claimant's own statements, that significant persistent manifestations of this condition did not arise until after he filed his application." Although Ferren has been bothered with stomach trouble for several years, December 1960 was the first time he was hospitalized for this condition, and it would seem that March 11, 1960 was the first real diagnosis of an ulcer.[2] The claimant did not mention his stomach impairment upon the filing of his application; Mr. Ferren made an attempt to explain this failure, and although we do not regard the failure to mention his stomach trouble as controlling, it is certainly of evidentiary value.

■ I find that the fact finders had substantial evidence upon which to ground their decision that the osteoarthritis alone did not cause sufficient disability to qualify the claimant for the disability freeze, and assuming without deciding that the gastrointestinal problem either singularly or in connection with the osteoarthritis caused a disability, it is my opinion that the fact finder's decision that this condition did not cause such disability until after application for the "period of disability" had been filed was based on substantial evidence.

The defendant's motion for summary judgment will be granted, and the plaintiff's cross motion for summary judgment will be denied and the complaint dismissed.

2. It should be noted that Dr. Danner had treated Ferren for hypertension and suspected a malignancy in the gastrointestinal tract, but no positive findings were ever made.