Stanley STANCAVAGE

v.

Anthony J. CELEBREZZE, Secretary of Health, Education & Welfare.

Civ. A. No. 28653.

United States District Court
E. D. Pennsylvania.

Oct. 30, 1962.

782

W. J. Krencewicz, Shenandoah, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Joseph R. Ritchie, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

JOHN W. LORD, Jr., District Judge.

This is an action under § 205(g), 42 U.S.C.A. § 405(g), to review the final decision of the Secretary of Health, Education and Welfare denying plaintiff's applications for establishment of a period of disability under § 216(i) of the Act, 42 U.S.C.A. § 416(i), and for monthly disability insurance benefits under § 223 of the Act, 42 U.S.C.A. § 423.

Section 205(g), which authorizes judicial review of final decisions by the Secretary in cases of this type, provides —among other things—that:

> "* * * The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." [it further provides that] * * * "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.A. § 405(g).

There is at least no necessity for sending this matter back to the Secretary for further proceedings [as is so frequently done. e. g. Holbrook v. Ribicoff, 305 F. 2d 933 (6th Cir. 1962); Erickson v. Ribicoff, 305 F.2d 638 (6th Cir. 1962); Seldomridge v. Ribicoff, 204 F.Supp. 707 (E. D.Pa.1962) ]. The matter has already been remanded, by order of the Court entered March 1, 1961 under the present Civil Action No. 28653. That remand was obtained on motion of the Secretary, pursuant to § 205(g) of the Social Security Act [42 U.S.C.A. § 405(g) ].

The record of the Appeals Council, as certified by the Chairman of the Appeals Council, Social Security Administration, Department of Health, Education and Welfare, as supplemented by the proceedings after remand, under supplemental certificate dated March 8, 1962, consists of 101 pages. Exclusive of exhibits, the decision of the Appeals Council on remand, dated January 31, 1962, is in the form of an elaborate and comprehensive seventeen page opinion. It has not been suggested that further administrative proceedings would be useful, and the Court so finds.

██ To the contrary, both parties have moved for summary judgment. On the present record, the case is ripe for the statutory judicial review under § 205(g), 42 U.S.C.A. § 405(g). Procedure by summary judgment is appropriate since questions of fact are not involved, and the case will be decided on those motions.

The Court, after consideration of the briefs and oral arguments of the parties, has reviewed the entire record.

The claimant variously stated his year of birth as 1908 or 1909. He was born in Pennsylvania and has a third grade education. He speaks and understands English and Polish, but is unable to read or write. He worked 32 years as a coal miner in underground anthracite mines up to 1957, performing the usual duties, including the use of dynamite, pick and shovel to obtain coal and the like. He terminated his employment on November 27, 1957, because of inability to continue work in a coal mine due to anthrasilicosis, and received workmen's compensation effective January 29, 1957.

██ It is unnecessary to reconsider the established principle that the award of state workmen's compensation is not controlling as to entitlement under the Social Security Act. Howell v. Flemming, 188 F.Supp. '223 (D.Or.1960); Carpenter v. Flemming, 178 F.Supp. 791, 793 (D.W.Va.1959).

Other propositions which are settled are that under the statute it is the plaintiff's burden to show that he has a medically determinable disability which would preclude him from engaging in substantial gainful activity. § 216(i)(1), Social Security Act, 42 U.S.C.A. § 416(i)(1); Ussi v. Folsom, 157 F.Supp. 679 (N.D.N.Y.1957), affirmed in 254 F. 2d 842 (2d Cir. 1958).

The extent of disability, however, must be viewed in the light of the education, vocational training, and the industrial complex in which the claimant lives rather than a theoretical vacuum. Klimaszewski v. Flemming, 176 F.Supp. 927 (E.D.Pa.1959); Sobel v. Flemming, 178 F.Supp. 891 (E.D.Pa.1959).

Since this Court is of opinion that the findings of the Secretary are supported by substantial evidence, extended references to the transcript of proceedings will not be made. The Council, carefully reviewing the medical evidence, gave little effect to the opinion of plaintiff's personal doctor (Exhibit 5; Tr. 29–30) or the insurance company's doctor in the workmen's compensation case (Exhibit AC–4; Tr. 97), stating its reasons.

Other examinations which showed, to the contrary, something less than the claimed degree of disability are shown as follows: Dr. S. Stanulonis (Exhibit 7; Tr. 33–34); Dr. V. F. Pytko (Tr. 48–52 and elsewhere); Dr. P. B. Mulligan (Exhibit 6, Tr. 31–32) and Dr. Edward P. Swartz (Exhibit AC–5; Tr. 98–101). The Appeals Council evaluated the foregoing and other evidence in the light of medical authorities (Tr. 64–72).

On that evidence, the Appeals Council found the claimant's employability to be impaired by anthrasilicosis, but not to the extent of disability as defined in the Social Security Act (Tr. 75).

In the light of that definition—inability to engage in any substantial gainful activity—the evidence of claimant's condition is analyzed at length (Tr. 76–77). The conclusion, with supporting reasons based on the evidence in the record, is that claimant's moderately advanced anthrasilicosis is such that "it is clear that this condition is not of such severe degree as to preclude all work."

There follows a discussion, based on the assumption that the claimant's impairment prevents him from engaging in arduous work, of the reasons why there are many lighter jobs which this plaintiff could perform (Tr. 77). The gist is:

"* * * it is apparent that with his residual capacities he should be able to engage in work requiring light or moderate exertions * * * The record establishes that the claimant retains his intellectual faculties, hearing, manipulative capacities, and mobility, and that he has fairly good eye sight on correction (with glasses). Although he has had only a third grade education, he has been able to perform the duties of an occupation requiring many skills for the major part of his working life. There is therefore no reason to doubt that with his residual capacities and acquired skills, he could not engage in work requiring less demands than in his former occupation."

It was, of course, the duty of the Court to examine the record as a whole. Boyd v. Folsom, 257 F.2d 778 (3d Cir. 1958); Goldman v. Folsom, 246 F.2d 776 (3d Cir. 1957); Sobel v. Flemming, 178 F.Supp. 891 (E.D.Pa.1959). That duty has been performed, and in the light of that entire record, this Court is convinced that the foregoing quoted conclusion of the defendant is supported by substantial evidence. Therefore it is believed that no good purpose would be served by reciting and comparing the numerous decisions cited by plaintiff, or of which the Court is independently aware, wherein this or other courts have arrived at different results.

For the foregoing reasons, it is the ruling of this Court that the Motion for Summary Judgment of Plaintiff is DENIED, and that the Motion for Summary Judgment of the Defendant is GRANTED, and it is SO ORDERED.