Clarence K. **PACE**, Plaintiff,

v.

Anthony J. **CELEBREZZE**, Secretary of Health, Education & Welfare of the United States of America, Defendant.

Civ. No. 61–496.

United States District Court
D. Oregon.

March 5, 1963.

---

William D. Green, Jr., Roseburg, Or., for plaintiff.

Donal D. Sullivan, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

The plaintiff filed an application to establish a period of disability and for disability insurance benefits under §§ 216 (i) and 223 of the Social Security Act, 42 U.S.C.A. 416(i) and 423, respectively. He alleged that he became disabled and unable to work in September, 1954, because of a severe electric shock which he suffered when he was standing with his hand on a truck bed and the boom from a crane mounted on the truck struck a 12,000 volt power line.[1]

Plaintiff filed his application for benefits on September 16, 1959, and it was denied initially and on reconsideration by the Bureau of Old-Age and Survivors Insurance. Subsequently, plaintiff requested a hearing. The Hearing Examiner considered the case *de novo* on the basis of plaintiff's testimony and, in addition, three additional medical reports which were not before the Bureau when the initial and reconsidered determinations were made. The Hearing Examiner was of the opinion and so decided that the plaintiff was not disabled as defined by the Act.

The Hearing Examiner's decision became the "final decision" of the Secretary of Health, Education and Welfare (Secretary) when the Appeals Council of the Social Security Administration (Council), on July 20, 1961, denied the plaintiff's request for review. See 20 C.F.R. 404.940 and 404.951. This action is brought under § 205(g) of the Social Security Act, 42 U.S.C.A. 405(g), to review the Secretary's decision. Section 205(g) of the Act provides, in part:

"The court shall have Power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. * * * The court * * may, at any time on good cause shown, order additional evidence to be taken before the Secretary * *." and that

"The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive,[2] * * *."

 This Court has made a careful examination of all the evidence which was before the Hearing Examiner and the

---

1. Sections 216(i) and 223 of the Act define disability as follows: An "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

2. The "substantial evidence" "rule does not constitute a basis for abdication of the court's normal power and function of judicial review." Hughes v. Flemming, 195 F.Supp. 724, 726 (D.Or.1961). Furthermore, if the decision of the administrative agency is " 'based upon conclusions not reasonably reached upon due consideration of all the relevant issues presented * * * the court may properly correct the errors below.' " Hughes v. Flemming, supra, citing Jacobson v. Folsom, 158 F. Supp. 281, 285 (S.D.N.Y.1957).

Council when the Council denied plaintiff's request for a review and is convinced that the Secretary's decision that plaintiff is not suffering from a disability as defined in §§ 216(i) and 223 of the Act is supported by substantial evidence.

■ Plaintiff has moved that a medical report signed by Dr. Robert H. Frantz, dated November 14, 1961, which report was not in existence until several months after the Hearing Examiner's decision and Council's denial to review, be made a part of the record for review by this court in determining whether the Secretary's final decision aforesaid is supported by substantial evidence. The Secretary's counsel strenuously objects to its inclusion, on the grounds that this court is limited, in reviewing the Secretary's decision, to the status of the record when Council denied plaintiff's request for review and such denial became the final decision of the Secretary.

■ Of course, this reviewing court is precluded from holding a hearing *de novo*. Blankenship v. Ribicoff, 206 F. Supp. 165 (S.D.W.Va.1962). Therefore, we must determine whether Dr. Frantz's report became a part of the record before the Council, and, accordingly, here, for review.

When the Council denied plaintiff's request for review on July 20, 1961, plaintiff had sixty days after the mailing to him of notice of denial, or within such further time as the Council might allow, to file a civil action in this court for a review of the Secretary's decision. 42 U.S.C.A. 405(g). On September 18, 1961, plaintiff, through his attorney, requested from the Council an extension of 60 days for the filing of such an action. The Council, by letter dated September 26, 1961 to plaintiff's attorney, granted the requested extension, as authorized by 20 C.F.R. 404.954.

The Council's letter of September 26, 1961, reads, *inter alia:*

" * * *, if you have additional *material* evidence bearing on the claim-

ant's impairments at the time of his application on September 16, 1959, such evidence should be submitted to the Appeals Council in order that it may be made a part of the record at the time we consider whether the case may be reopened. As you know, the purpose of a civil action is to review the administrative record, and is not a trial de novo.

"Upon receipt of the additional evidence, we will advise you whether it justifies a reopening of this case, and of such further time, if any, the claimant then has to commence civil action."

Thereafter, plaintiff, evidently in reliance upon the foregoing letter, received a complete examination by Dr. Frantz. The doctor submitted his findings in the form of a letter addressed to plaintiff's attorney, who in turn submitted this additional medical evidence to the Council for its consideration. The Council, by letter dated November 21, 1961, informed plaintiff's attorney that the additional evidence had been considered "and that we have made same a part of the record in this case and marked it Exhibit AC–1." The Council was of the opinion, however, that this additional evidence "is no basis for reopening this case." Thus, the Council did reopen the proceedings for the plaintiff for the purpose of determining whether or not its prior decision should be revised for good cause, as it had authority to do, even though its original decision consisted only of a denial of plaintiff's request for review of the Hearing Examiner's decision. See 20 C.F.R. 404.950, .951 and .956(b).[3] Dr. Frantz' report was accepted by the Council, made a part of the record, and considered by it, but concluded not to "revise" its prior decision.

This court has also considered the evidentiary weight of Dr. Frantz' report and remains convinced that the Secretary's final decision that the plaintiff is not suffering from a disability as defined by the Act is supported by evidence that

3. Compare Kinyoun v. Ribicoff, 194 F.Supp. 528 (W.D.Mo.1961), apparently contra.

is substantial and unimpeached by the Frantz' report.

The Secretary is entitled to a summary judgment in his favor and his counsel is requested to submit proposed form of judgment.