**Thomas O. HAYES, Appellant,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Appellee.**

**No. 21696.**

United States Court of Appeals
Fifth Circuit.

July 12, 1965.

See also 5 Cir., 311 F.2d 648.

James L. Shores, Jr., Birmingham, Ala., for appellant.

L. Wayne Collier, Asst. U. S. Atty., Macon L. Weaver, U. S. Atty., Birmingham, Ala., for appellee.

Before WOODBURY,* WISDOM, and BELL, Circuit Judges.

WISDOM, Circuit Judge.

This action for disability benefits under the Social Security Act [1] raises a question of statutory construction: Assuming that the claimant did not meet the requirements of the act in 1957 when he filed his application, does the statute permit or require this filing to be treated as a continuing application effective in 1961 when, admittedly, the claimant met the disability requirements.

Thomas Hayes could read and write, "a little—not too well"; his formal education ended with the fifth grade. He grew up on a farm, worked on the farm, and had jobs in a sawmill and timber business his father owned. For a good part of his life he worked as a molder in foundries, although for a while he was a fireman and a helper on a shell press. His last job was with a pipe shop. All of his jobs were in manual labor. In April 1957 he stopped working.

November 18, 1957, Hayes filed his only application for disability benefits, alleging that he was completely disabled because of a heart condition, asthma, and arthritis.

The Secretary denied the application.[2] The district court affirmed. This Court

---

* Senior Judge of the First Circuit, sitting by designation.

1. Section 205(g), 42 U.S.C. § 405(g).

2. The Bureau concluded on February 24, 1958, that the claimant's condition was not disabling within the meaning of the Social Security Act. The claimant then requested reconsideration on April 7, 1959, and after considering further evidence submitted by the claimant, the Bureau's decision was affirmed on September 10, 1959.

Thereafter on November 25, 1959, the claimant requested a hearing before a Hearing Examiner of the Bureau of

Hearings and Appeals, Social Security Administration. The request was granted and a hearing held on July 15, 1960, in Anniston, Alabama. The claimant appeared pro se and testified. Additional evidence in the form of medical reports furnished by the claimant and others furnished by the agency; and a sworn statement of the claimant's wife was considered. This examiner decided on September 30, 1960, that the claimant was not entitled to disability benefits. After claimant's request for review by the Office of Hearings and Appeals, this office entered a denial of claimant's request and adopted the examiner's decision on January 4, 1961.

reversed on the ground that the Hearing Examiner had failed to make findings of fact on crucial issues and had made findings not supported by substantial evidence. Hayes v. Celebrezze, 5 Cir., 1963, 311 F.2d 648. On remand, the Examiner again found that as of November 18, 1957, Hayes did not meet the statutory standard. At this hearing the Examiner stated, however, that "[H]ad the claimant filed a new application for Disability Insurance benefits instead of applying for reduced Old-Age Insurance Benefits on September 5, 1961, and had such application reached this hearing examiner's jurisdiction, same would have been approved on the basis of Dr. Watt's report of March 17, 1961, as ratified and confirmed by the consultative reports of April, 1963."

■■ Hayes has the burden of proving that he had no "reasonable opportunity * * * to compete * * * for a job within his determined capabilities." Celebrezze v. Kelly, 5 Cir. 1964, 331 F.2d 981, 982. The statutory definition of disability imposes a threefold requirement: (1) There must be a "medically determinable physical or mental impairment which can be expected to result in death or be of long-continued and indefinite duration"; (2) there must be "inability to engage in any substantial gainful activity" ; and (3) the inability to do so must exist by reason of the impairment. The Senate Committee on Finance, in reporting the disability provisions of the 1954 amendments to the Social Security Act, said:

"Only those individuals who are totally disabled by illness, injury or other physical and mental impairments which can be expected to be of long-continued and indefinite duration may qualify for the freeze. The impairment must be medically determinable and preclude the individual from performing any substantially gainful work. * * * The physical or mental impairment must be of a nature and degree of severity sufficient to justify its consideration as the cause of failure to obtain any substantial gainful work. Standards for evaluating the severity of disabling conditions will reflect the requirement that the individual be disabled *not only from his usual work but also for any type of substantial gainful activity.*" (Emphasis added).

The evidence as to Hayes's disability in November 1957 is conflicting, to say the least. Some medical reports indicate Hayes was then totally disabled; others do not. There is some evidence that Hayes did try to find a job after he applied for disability benefits. After studying the record, we feel compelled to affirm the finding of the district court that the elusive quantum of "substantial evidence" supports the Secretary.

■ Usually this holding disposes of a social security disability case. Not so in this case. From the bench, we raised the question whether a fair construction of the act and proper administration, did not require that the Secretary treat the earlier application as continuing and as effective three years later when Hayes admittedly became disabled. We asked the parties to submit supplemental briefs on the question. We have now considered those briefs. Unfortunately, or so it seems to us, the statute forecloses it.

In 1957 the act unequivocally stated: "Every individual who * * * is under a disability * * * *at the time such application is filed,* shall be entitled to a disability insurance benefit * * *." 42 U.S.C. § 423(a) (1) (emphasis added). Perhaps this language of the act was not directed toward the problem we now face. But in the face of this language, we cannot carve out an exception to cover the case at bar.

Section (a) (1) of section 423 grants disability benefits only if the applicant was disabled at the time he applied. Section 423 erects another obstacle to the appellant's claim. Subsection (b) provides that: "No application for disability insurance benefits shall be accepted as a valid application for purposes of this

section (1) if it is filed more than nine months before the first month for which the applicant becomes entitled to such benefits, or (2) in any case in which clause (ii) of paragraph (1) of subsection (a) of this section is applicable, if it is filed more than six months before the first month for which the applicant becomes entitled to such benefits." This language was added to the Social Security Act in 1960. The amendment does not apply to Hayes's application, filed long before the amendment went into effect. 74 Stat. 964, 967, 969 (1960); see Historical Note, 42 U.S.C.A. § 423. But Hayes fares no better under the language of section 423(a) (1) in effect at the time of his application. The statute by its terms then granted benefits only to those who were disabled at the time they applied for benefits.

Two district court decisions discuss the question. In Sprouse v. Celebrezze, D.C. W.Va.1963, 214 F.Supp. 906, the court said:

> " * * * I can find nothing in the Act which permits me to grant a disability on the basis of conditions found nearly a year after the application was filed and which appear to be far worse than conditions reported to exist about the time the application was filed—certainly not when, under the Act, the application is good only for a disability that existed not later than [three months after the application was filed]."

In Jarrett v. Celebrezze, D.C., 233 F. Supp. 282, the court was even more succinct:

> "Whether plaintiff may have become 'disabled' within the meaning of the Social Security Act *subsequent* to the period covered by her 1960 application * * * was not before the Secretary and is not now before this court. * * * "

See also Ferren v. Ribicoff, D.Ark.1962, 211 F.Supp. 420, 421.[3]

Scattered dicta in circuit court opinions apply the literal language of the statute. "[W]hat was critical was [the claimant's] condition at the time of his applications." Kerner v. Celebrezze, 2 Cir. 1965, 340 F.2d 736, 739. See also Wiley v. Flemming, D.Ore.1961, 198 F.Supp. 705, 707. Kerner and Wiley did not involve the problem of a subsequent disability. Gotshaw v. Ribicoff, 4 Cir. 1962, 307 F.2d 840, 841, cert. den'd, Heath v. Celebrezze, 372 U.S. 945, 83 S.Ct. 938, 9 L.Ed.2d 970,[4] is somewhat closer in point. In that case, as in Ferren v. Ribicoff, the claimant was disabled after the filing of the application. The court held that a disability subsequent to the application does not entitle the applicant to a "period of disability" or to disability benefits.

As pointed out in the administrative decision, Hayes met the earnings requirements of the Act through June 30, 1962, and at any time before this date, could have filed a new application for disability benefits. Further, under the provisions of 42 U.S.C. § 416(i) (2), as it existed before the 1964 amendments, Hayes could have filed as late as April 15, 1965, and had his benefits made retroactive for one year pursuant to 42 U.S.C. § 423(b). The record indicates that as early as March 1961 the claimant was represented by counsel and was represented continuously for 17 months before the cutoff date of his earnings eligibility.

In sum, the explicit language of the statute binds too tightly to allow us any room for flexing equitable muscles.

The judgment is affirmed.

---

3. "Before the claimant can be granted a 'period of disability' it must be shown that he was suffering the disability at the time the application was filed." 211 F.Supp. at 421.

4. The court stated, "[A]n individual must be under a 'disability' at the time of the filing of an application for disability insurance benefits." 307 F.2d at 841.