Joseph C. **GREEN**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

**Civ. A. No. 74–1009.**

United States District Court,
W. D. Louisiana,
Opelousas Division.

Dec. 9, 1975.

Aaron Frank McGee, Guillory, McGee & Mayeux, Eunice, La., for plaintiff.

Donald E. Walter, U. S. Atty., Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for defendant.

NAUMAN S. SCOTT, District Judge:

The plaintiff, Joseph C. Green, has brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a denial of benefits by the Secretary of Health, Education and Welfare. The plaintiff and defendant have filed cross motions for summary judgment.

Plaintiff initially filed an application for the establishment of a period of disability and for disability insurance benefits in 1970. This application was denied, and that denial was eventually upheld by the District Court. A second application, the one under consideration today, was filed by the plaintiff on November 2, 1972, alleging disability as of March 10, 1972, at age 42 due to a back injury. This application was denied administratively, and that denial became the final decision of the Secretary, subject to review by this court, on October 1, 1974 when the Appeals Council approved the opinion of the Administrative Law Judge. The record pertaining to the application of 1970 has been incorporated into the record pertaining to the present application.

It is well settled that this court does not try the case de novo, reweigh the evidence, nor substitute our judgment for that of the Secretary. *Goodman v. Richardson*, 448 F.2d 388 (5th Cir. 1970). If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as being adequate to support a decision. *Hemphill v. Weinberger, supra*; *Payne v. Weinberger*, 480 F.2d 1006 (5th Cir. 1973).

 While the standard for review in the courts of denial of disability benefits is very narrow, this does not mean that the courts have abdicated their traditional function of scrutinizing the record as a whole to determine the reasonableness of the decision reached. 42 U.S.C. § 405(g), 423(d)(2)(A), (d)(5); *Lewis v. Weinberger*, 515 F.2d 584 (5th Cir. 1975); *see also Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969). The decision of the Agency whose duty it is to administer the Act is entitled to great weight; nevertheless, the decision must be based upon the proper legal standard of "substantial evidence". The court has the duty to ascertain whether the evidence in the record meets that standard.

 It is also well recognized that the person making the claim for disability benefits has the burden of proving his eligibility for the claim. *Jenkins v. Gardner*, 430 F.2d 243 (6th Cir. 1970), cert. denied 400 U.S. 1001, 91 S.Ct. 472, 27 L.Ed.2d 452 (1971); *Hayes v. Celebrezze*, 349 F.2d 561 (5th Cir. 1965). Once the plaintiff has shown that he is disabled from engaging in his former occupation, the burden shifts to the Secretary to come forward with a showing of other employment available to a person of plaintiff's age, education, work experience, skills and physical limitations. *Lewis v. Weinberger, supra.* This does not require the Secretary to show that these jobs are available in the community, merely that jobs exist in the national economy which plaintiff is capable of performing. See *Black v. Richardson*, 356 F.Supp. 861 (D.S.C.1973).

The medical evidence establishes that plaintiff was seen by Dr. Donald J. de Blanc, a General Practitioner, on October 1, 1970. The diagnosis at that time was of crippling osteoarthritis with a breakdown of the vertebrae. There were also paraspinus muscle spasms. Further x-rays and a myelogram were recommended, but Dr. de Blanc noted that at the time of the examination the patient was disabled, and his ability to return to gainful employment was unknown. On October 28, 1970, plaintiff was examined by Dr. Charles Cracraft, an Orthopedic Surgeon, who diagnosed severe scoliosis of the lower dorsal and upper lumbar region which was probably congenital. His conclusion was that plaintiff's condition was permanent and that the symptoms would gradually get worse. Plaintiff was not able to do work requiring prolonged bending, heavy lifting, or other arduous activity. Dr. Cracraft's opinion was that plaintiff could, however, do light janitor, yard or garden work without difficulty. On June 11, 1971, plaintiff was seen by Dr. Ladislas Lazaro, an Orthopedic Surgeon. Dr. Lazaro's diagnosis was of thoracic and lumbar scoliosis. In his opinion, plaintiff's condition would probably become progressively worse and more incapacitating with the progression of his age. On the basis of this examination, Dr. Lazaro felt that plaintiff was not capable of any type of employment, but possibly could perform some very light tasks, on a very intermittent basis, which would not require prolonged standing or repeated bending.

On August 24, 1973, plaintiff was again seen by Dr. de Blanc, who reported that plaintiff's condition had grown progressively more severe.

This review of the medical evidence leaves no doubt that the plaintiff has established his inability to engage in his customary work; indeed, counsel for defendant has recognized such in his brief. As noted above, once plaintiff has made this showing, the burden of proof shifts to the Secretary to produce evidence that jobs do exist in the economy which plaintiff can perform, given his medical condition and education. See *Black v. Richardson, supra; Lewis v. Weinberger, supra.*

At the hearing on the first application in 1970, Dr. Ronald S. Pryer, a Vocational Consultant and Psychologist, testified that in his opinion there were a number of light janitorial type jobs and some light assembly line type jobs which

plaintiff could perform. On cross-examination, however, Dr. Pryer admitted that all the jobs about which he testified entailed some duties which plaintiff would not be able to perform. No vocational expert testified at the hearing in 1974.

It should be noted that plaintiff's complaints in 1970 were primarily of a growth in his throat and of right leg trouble, with the back problem not emphasized. Currently, the back problem is the only complaint. The medical evidence at the first hearing did not include the report of Dr. Lazaro or the later report of Dr. de Blanc. Based upon the nature of plaintiff's complaint, the medical evidence of record at that time, and the testimony of Dr. Pryer, the Secretary denied benefits to plaintiff. This denial was eventually reviewed by the District Court, and, on the same bases, was sustained by the Court.

The application under consideration today is supported by the same evidence as the earlier application, plus the report of Dr. Lazaro and the latest report of Dr. de Blanc. A review of these reports clearly shows that plaintiff's condition has progressively deteriorated, which all the earlier medical reports predicted would happen. There is no indication that the Secretary gave consideration to the report of Dr. Lazaro, but instead relied primarily on the same evidence on which he relied in considering the first application. This report contains Dr. Lazaro's summary:

> "On the basis of this man's back examination and the findings as described on x-ray, in consideration with his education, I do not feel that this man is capable of *any type of employment*. I think that perhaps he could on a *very intermittent basis*, perform some very light tasks but I do not feel that he would be able to tolerate prolonged standing or repeated bending . . .". (Emphasis ours).

As noted above, we do not reweigh the evidence or substitute our judgment for that of the Secretary. We must, however, give close scrutiny to the entire record to determine whether the evidence in the record amounts to "substantial evidence", in support of the Secretary's finding. See *Black v. Richardson, supra.* Having thus scrutinized the record in this case, we cannot say that the Secretary has met his burden of demonstrating that jobs exist in the economy which plaintiff can perform. The decision of the Secretary, therefore, is not supported by substantial evidence.

The motion by plaintiff for summary judgment is granted and the motion by defendant for summary judgment is denied. An appropriate judgment should be submitted to the court for execution.